## STATE v. W. W. MIDGETT.

*Criminal Law—" Church "—Selling Liquor Near.*

An indictment under the act of 1879, ch. 232, for selling spirituous liquor within a certain distance of a church in Hyde county, cannot be supported by evidence of such a sale within the prescribed distance of a house conveyed primarily for educational purposes, with permission to hold divine service therein on suitable occasions, which is ordinarily used for a school-house, but in which there is preaching at stated intervals.

(*Smithwick* v. *Williams*, 8 Ired., 268; *Coble* v. *Shoffner*, 75 N. C., 42, cited and approved.)

· INDICTMENT for a misdemeanor, tried at Spring Term, 1881, of HYDE Superior Court, before *Gilmer, J.*

The defendant was indicted (under act of 1879, ch. 232,) for selling spirituous liquors withing one and a half miles " of the free *church* for all denominations to worship, commonly known as Rush academy," and on the trial the jury found a special verdict in substance as follows : That the defendant, within two years of the finding of the indictment, did sell spirituous liquors at a place in Hyde county called Nebraska, situate about two hundred yards from *Rush academy,* which said "·Rush academy had, in 1841, been conveyed by deed from Joseph Swindell to William Selby and others, trustees in trust of Rush academy, for the use and purpose hereinafter mentioned," that is, " for the purpose of removing thereon the Rush academy house, for the purpose of an academy of the same name, and for the convenience of preaching, which is not to be prohibited on all suitable occasions ;" that ever since the date of said deed the building upon said land has been used, with short inter-vals, as a school-house and a place for preaching, different denominations using the same without let or hindrance as

a place for holding divine service and for preaching; and that the ministers of the Methodist denomination have, for more than twenty years, been accustomed to have preaching there on stated Sabbaths in every month ;" and upon the facts thus found they prayed the advice of the court whether the defendant was guilty as charged in the indictment; and if the court should be of opinion that he was, then the jury found him guilty, and if otherwise, then they found him not guilty.

The court being of the opinion that upon the foregoing facts the defendant was guilty, proceeded to judgment and the defendant excepted and appealed.

*Attorney General,* for the State.
No counsel for defendant.

RUFFIN, J. The statute under which the defendant is indicted declares it to be a misdemeanor, punishable with fine or imprisonment, to sell spirituous liquors within one and a half miles of any " *church* in Hyde county ;" and the question is, can this be made to apply to a building which, like the " Rush academy," was intended by its donor, to be used " for the purpose of an academy and for the convenience of preaching," and which has in fact, and for a series of years been used as a school-house, and a place for public worship.

Could we feel at liberty, even, to construe a penal statute so liberally as to make it applicable to conduct which, though beyond its literal import, we might conceive to be within its mischief, we should still feel ourselves forbidden, by every fair rule of construction, to do so in this instance.

The deed from the donor itself contains intrinsic evidence of his intention, and that while " preaching " was to be allowed in the building, its *primary use* was to be for school purposes. We can thus account for his declaration that

"*preaching should not be prohibited on all suitable occasions*," which must, otherwise, seem out of place—for who would ever incorporate such a provision in a deed for a building intended to be a church, and to be used as such.

The verdict of the jury, too, ascertains that its actual use has corresponded with its donor's intention, and that from the date of the deed it has been regarded, and chiefly used, as an academy, that is to say, as a place of education, and that its use for worship, though occurring at stated periods, has been exceptional.

Such being the use to which it has been applied, it may be asked, does it not come within the spirit of the statute? and nothing else appearing, we might, perhaps, say that it does. But when, upon looking farther into the same statute, we find that in it express mention is made of "*Ashton academy*" situate in Pender county; of "*Draughan's schoolhouse and church*" situate in Edgecombe county; and of divers *places of public worship* as distinguished from churches, we are forced to the conclusion that the "Rush academy" was not intended to be embraced within its provisions; or else, it too would have been expressly mentioned—it being a rule of construction that "*expressio unius, exclusio alterius.*"

The distinction between "*churches*" and "*places of public worship*" is known to our law, and has been, many times, recognized in our statutes, as for instance in the act of 1846 (Bat. Rev., ch. 32, § 93,) it is declared to be a misdemeanor to burn, deface, or injure any *church*, uninhabited house, &c.; and by the act of 1785 (Bat. Rev., ch. 101, § 5,) it is forbidden to obstruct the way leading to any *place of public worship*; and by the act of 1807 (Bat. Rev., ch. 101, § 8,) it is enacted that if any person shall be intoxicated at a *church*, or *place appointed for divine worship*, he shall forfeit and pay twenty dollars, &c., thus showing that the two terms are by no means synonymous.

Suppose a pupil, while attending school in the academy

in question, should deface the walls thereof, would it be contended that he could be properly indicted under the act of 1846 mentioned above? and if not embraced in that statute, how can it be said to be in the one under which the defendant is prosecuted, when, exactly the same term is used in both?

But, as intimated in the outset of our opinion, the statute under which this prosecution proceeds, being purely a penal one, should not be extended by construction beyond its strict words and plain signification. Laws, which define offences and prescribe punishments, should always be clear and explicit in terms, and taken strictly and literally by the courts.

It is not permitted to construe them by implication; nor to extend their provisions by any equitable construction that may be put upon them. *Smithwick* v. *Williams*, 8 Ired., 268; *Coble* v. *Shoffner*, 75 N. C., 42; Dwarris on Statutes, 737.

If this were not so, then the fate of accused persons would depend, not upon the express authority of law, but upon the discretion, and often-times the conjecture of judges.

We are therefore of the opinion that it was errror in the court below, to proceed to judgment against the accused upon the verdict as found by the jury. This will be certified to that court to the end that the defendant may be discharged.

Error.                                                    Reversed.