STATE v. WILLIAM MOODY.

*License—Liquor—Statute.*

1. The commissioners of Dare county, under the Act of 1876-'77, ch. 260, as amended by ch. 38 Laws Special Session of 1880, have no power to grant licenses to sell spirituous liquors except "at Nag's Head Hotel during the months of June, July, August and September."

2. The words "at Nag's Head Hotel" mean the locality of the premises forming part of or used with the building generally known by that name at the time of the enactment of the statute.

This was an INDICTMENT for retailing spirituous liquors, tried at Spring Term, 1886, of DARE Superior Court, before *Shepherd, Judge.*

The jury returned a special verdict in which the following facts were found:

An act was passed by the General Assembly at its session in 1876-'77, (ch. 260), prohibiting the sale of spirituous liquors in the county of Dare; at the special session of 1880, (ch. 38), the act of 1876-'77 was amended to permit the sale of such liquors at Nag's Head Hotel, during the months of June, July, August and September. On the __ day of _____ 1885, the defendant was granted by the commissioners of Dare county, a license to sell liquors "at Nag's Head" during the said months. Nag's Head comprises a territory two or three miles in length and about a mile in width. The Nag's Head Hotel is situated on the Sound side of the territory known as Nag's Head. Under the license issued to him as aforesaid, the defendant occupied a house with seven or eight rooms, some 250 or 300 yards from the Nag's Head Hotel, and opened a hotel, and retailed liquors there during the month of June, July, August and September of 1885. He placed a sign upon this building with these words upon it, "Nag's Head Hotel."

The Court being of opinion that the defendant was guilty upon the special verdict, so adjudged, from which the defendant appealed.

*Attorney-General*, for the State.
*Mr. Aydlett*, for the defendant.

MERRIMON, J.   The statute (Acts 1876–'77, ch. 260,) provides: "That it shall be unlawful for any person or persons to sell, or directly or indirectly to receive any compensation for any spirituous liquors, bitters or intoxicating drinks     *
*   *   *   *   *   within the county of Dare," and makes any such sale a misdemeanor.   This statute was modified by a subsequent one, (Acts Special Session 1881, ch. 38, §1), by adding after the word "Dare," the additional words, "except at Nag's Head Hotel during the months of June, July, August and September."   It will be observed that at first this statute, both in its terms and scope, was broad, definite and positive; it forbade absolutely the sale of intoxicating beverages within the county named.   The amendment of it above set forth, is exceptive and restrictive; its terms are plain and positive and leaves nothing to interpretation.   It permits a sale of such liquors and drinks, not continuously and generally throughout the county, but only for a specified period in each year, not at or within an indefinite locality, but at a particular specified place.   There is a manifest intent to guard carefully the exception provided—to allow such sales only at one place plainly designated by name, where they would most conveniently serve the purpose of supplying people who might resort thither during the period prescribed, with spirituous liquors, and where such sales would most likely be under careful supervision and control. Otherwise the language employed would have been broader and more indefinite in its meaning and application, as " except at Nag's Head," a well known locality, or "at Hotels at

42

Nag's Head." The restrictive purpose is too plain to be mistaken, and to allow the latitudinous interpretation of the language employed, contended for by the counsel of the appellant.

The plain meaning of the statute as amended is to allow such sales to be made by one or more persons within the period prescribed, "at Nag's Head Hotel," the house known by that name at the time the statute was passed, the person or persons selling, first having obtained a license to sell, as required by the general statutes of the State on the subject of selling spirituous liquors. "At Nag's Head Hotel" does not mean, as contended, "at Nag's Head," or thereabouts, or about or near to the hotel named. It means on the premises connected with, and forming part of that hotel. One or more persons might have a license to sell there.

The county commissioners of the county named had no authority to grant a license to the appellant, or any other person, to sell spirituous liquors at Nag's Head as a locality, or at any other place in the county of Dare, except at "Nag's Head Hotel." The appellant had no license to sell at the latter place. His supposed license to sell at "Nag's Head" was inoperative and void, and therefore could not avail him as a defence. The license did not profess to allow such sales "at Nag's Head Hotel,"; the sales were not made on the premises of the latter hotel, and the fact that the appellant called his hotel by its name was only a puerile subterfuge, without the slightest legal effect. It appears that the appellant sold spirituous liquors in the county of Dare at a place other than "at Nag's Head Hotel," within the county named. He was therefore properly convicted.

Let this opinion be certified to the Superior Court, to the end that further proceedings may be had in the action according to law.

No error.                                    Affirmed.