### THE STATE *v.* GEORGE W. PATTERSON.

*Evidence— Variance.*

The defendant was indicted for selling liquors within two miles of "Rocky Knoll" church, in Cabarrus County, under a statute in which the locality was designated by the same name ; the evidence was that it was generally called "Rocky *Ridge*" church, though a few persons called it "Rocky Knoll," and that there was no other church in the county known by those names ; *Held*, that the variance was not material.

CRIMINAL ACTION, tried before *Clark, Judge,* at Fall Term, 1887, of CABARRUS Superior Court.

It appears from the special verdict, that the defendant sold within the county of Cabarrus, as charged in the indictment, one quart of spirituous liquors, to the person therein named, without having a license to sell such liquors by the quantity "of one quart and less than five gallons," as required by the statute, (Acts 1887, Ch. 135, §31,) but it likewise further so appears, that the spirits so sold were the "products" of the defendant's *own farm*, which he had the right to sell without a license "in quantities of not less than one quart, except in territory where the sale of liquors is prohibited by law."   He was therefore not guilty of any offence, unless he so sold the spirits within such territory.

There is a count in the indictment charging that the defendant so sold the spirits mentioned "within two and one half miles of 'Rocky Knoll' church, in Cabarrus County,"

within which territory the sale of all intoxicating liquors is absolutely prohibited by the statute. (Acts 1872–'73, Ch. 171.) And it appears from the special verdict, that the sale was made within that distance from "Rocky Knoll" church, in said county.

The special verdict further finds that, at the time when the prohibitory enactment was made, there was a church in that county generally known as "Rocky Ridge" church, while a few persons have heard it called "Rocky Knoll" church, and there is but one church with either of said names in said county.

The defendant insisted that there is a fatal variance between the allegation in the indictment and the proofs offered in its support—in the description of the church around which is the prohibited territory, and that the defendant is not guilty of the charge.

The Court ruled otherwise, and, adjudging the defendant guilty upon the facts found, directed the verdict to be so entered, and from the judgment therein the defendant appealed.

*The Attorney General* and *Messrs. T. C. Fuller, Geo. H. Snow* and *E. C. Smith,* for the State.

*Messrs. C. M. Busbee* and *John Devereux, Jr.,* for the defendant.

SMITH, C. J., (after stating the case). The church is designated in the same terms in the statute and in the indictment, and in our opinion, concurring with that of the Judge, sufficiently points out the locality in which the offence was committed. There is and has been but one church in the county to which either name has been applied, and the difference between "Rocky Knoll" and "Rocky Ridge," as designating the location of the church, is too slender to produce any uncertainty in identifying it. The name is manifestly

suggested by the nature of the land whereon the building has been erected, as a "*Knoll*" or Ridge, which in meaning closely approximate. Besides, some persons have heard it called by the name given in legislative act, and such must be the intention of the legislature in passing the act, upon the principle *ut res magis valeat quam pereat.*

There is no error, and the judgment is affirmed.

Affirmed.