THE STATE v. A. R. EAVES.

*Statute, Construction of—Indictment—Liquor Selling.*

1. The maxim *cessante ratione legis, cessat et ipsa lex* has no application in the construction of statutes.

2. If the *language* of a statute is doubtful, and the *intention* of the Legislature is clear, the former will be construed by the latter; but where the language is plain, the Courts cannot look into the motive or purpose of the Legislature in the enactment of the law.

3. A statute prohibited the sale of spirituous liquors within a prescribed distance of "Rutherfordton Baptist Church, Rutherford County," and, upon the trial of an indictment for a violation thereof, the church building had, at the time of the alleged offence, been removed from the place where it stood at the time of the passage of the act: *Held,* that the statute did not become inoperative by reason of the removal, and that a sale of liquors within the territory prohibited was indictable.

4. The allegation in the indictment that the sale was within "three miles of the old site of Rutherfordton Baptist Church" was not such misdescription as vitiated it—the words "old site" being surplusage; and the defect, if any, was cured by the verdict.

This was an INDICTMENT tried before *Merrimon, J.,* at Spring Term, 1889, of RUTHERFORD Superior Court.

By an act of the General Assembly, entitled "An act to prohibit the sale of spirituous liquors in certain localities," ratified the 12th day of March, 1881 (chapter 234), the sale of spirituous liquors within three miles of "Rutherfordton Baptist Church, in the county of Rutherford," was prohibited.

It is alleged in the indictment that the defendant, on the first day of June, 1888, "to one W. B. Scroggins one quart of spirituous liquors unlawfully and wilfully did sell," within three miles of the *old site* of Rutherfordton Baptist Church, in Rutherford County," contrary to the form of the statute, &c. The defendant pleaded not guilty to the indictment.

On the trial it was shown by the evidence introduced on behalf of the State that, at the time of the passage and ratification of the statute above mentioned, there was in the county of Rutherford a church known as and called by the name of "Rutherfordton Baptist Church," but that it had since been removed; that the defendant was the owner and keeper of a bar-room within three miles of the place where said church formerly stood, and that he had, within the last two years, sold to W. B. Scroggins, at said bar-room, one quart of spirituous liquor.

The jury found the defendant guilty, and he moved in arrest of judgment upon the ground that the facts set forth in the bill of indictment—admitting them to be true as therein alleged—do not constitute a violation of the statute.

The Court was of the opinion that "the bill of indictment is defective in not setting forth the fact that, at the time of the ratification of the statute, there was a church in Rutherford County known as 'Rutherfordton Baptist Church,' and that it had since been moved. The law was passed to protect the church, and, as the church has been removed and no longer needs protection at the old site, does not the law cease to be operative? The reason having ceased, does not the law cease also?"

The judgment was arrested, and the Solicitor for the State appealed.

*The Attorney General* and *Mr. R. H. Battle,* for the State
*Mr. J. N. Holding,* for the defendant.

CLARK, J.: Chapter 234, Acts 1881, prohibited the sale of spirituous liquors at numerous points named, and among others "within three miles of Rutherfordton Baptist Church, in Rutherford County." The defendant was indicted for selling spirituous liquor "within three miles of the old site

106—48

of the Rutherfordton Baptist Church, in Rutherford County, contrary to the statute in such case made and provided," and was found guilty. He moved in arrest of judgment, which was allowed, as stated by the Court, upon the grounds—

" 1. That the indictment was defective in not setting forth the fact that at the time of the ratification of the statute there was such a church in Rutherford County as the Rutherfordton Baptist Church, and that it had since been moved."

" 2. That the law had been passed to protect the church, and as the church had been removed and no longer needed protection at the old site, the law ceased to be operative; the reason ceasing, the law ceased also."

The principle quoted, that " the reason ceasing, the law ceases also," has reference solely to the application of settled legal principles to a given state of facts, a system which is usually called the " common law." It has no application to the supposed legislative reason for adopting a statute which must speak for itself, and is construed according to its tenor. There are rules for the construction of statutes where their meaning is doubtful, such as considering the mischief to be remedied or the object to be attained.

Potter's Dwarris on Statutes, quoting Story's Eq. Juris., 10, and *Denn* v. *Reid*, 10 Peters, 524, says: "Although the spirit of an instrument is to be regarded no less than its letter, yet the spirit is to be collected from the letter." The rules for construing the meaning of doubtful language in a statute by the intention of the Legislature, do not authorize the Courts to infer the motive of that body in passing an act, and when a state of facts which then existed ceases, the Courts have no power to hold that such state of fact caused the act to be passed, and therefore the act itself is at an end. Here there are no doubtful words to construe. The meaning and intention are clearly to forbid the sale of spirituous liquor within three miles of the point named. There is no

intent indicated that the law should cease to operate if the state of facts then existing should change. The rule is, if the language is doubtful and the intention clear, to construe the language by the intention. Here the language being clear, the supposed "policy of the Legislature is too uncertain a ground upon which to found the interpretation of the statute." *Brown* v. *Brown,* 103 N. C., 213. If the object was solely to protect the church in the quiet exercise of religious services, and not the people of the adjacent territory as well, it is strange that the act was to be in force all the time, and was not limited to the days such services are held, as is the case with the act prohibiting the sale or giving away of intoxicating liquor within five miles of a polling place (*The Code,* § 2740); or the act prohibiting the same within two miles of a political speaking (*The Code,* § 1( 9); or the general act prohibiting it (except by licensed dealers) within one mile of any place where religious exercises are in progress (*The Code,* § 3671).

It may be that the motive with the Legislature was to protect the church. The statute does not so declare. If such was the motive, and the occasion of it has ceased, another Legislature may see fit to repeal the law. The Courts cannot do so. If the church had been burnt, an accident or an incendiary could not destroy an act of the Legislature, nor could the removal of the church by vote of a majority of its members nullify the law. The church is merely designated as the locality from which the distance of three miles is to be measured. Its removal can no more repeal the statute than the destruction of a beginning corner can vitiate a deed. The removal to a new site cannot make it the centre of a new district of three miles, but the distance must still be measured from the spot where the church stood when the act was passed.

In Spain, where wind-mills are common, they have a saying: "Though the mills are down, the winds are blowing

there still." Though the church has been removed, the people are still living within the three-mile radius of where it stood, and they cannot be deprived of the protection of the statute upon the assumption that the Legislature meant to protect churches only. Indeed, in this same act, territory within a given distance of certain mills, mines, factories and railroad stations, and also certain entire townships, are protected. Could the act of a private citizen in closing his mine, or removing his mill or factory, or the act of a railroad corporation in changing its depot, or of the County Commissioners, in the division or absorption of a township, repeal the application of the statute to the territory described in the act? With as much force it might be argued that a change of name would have that effect. If the continuing force of a statute depends upon the conduct of individuals, the congregation would take the adjacent territory out of the statute as certainly by a change of the name of their church as by a removal of the building, possibly a few yards or more. In both cases the test is, what spot was designated by the Legislature as the point from which the territory exempted is to be measured, and no one except the Legislature can change or repeal the statute. *State* v. *Moody*, 95 N. C., 656; *State* v. *Patterson*, 98 N. C., 666.

The case of *State* v. *Hampton*, 77 N. C., 526, is not in point, for there the act prohibited the sale of intoxicating liquors within three miles of A. & S. R. R. *during the construction of said road*, and the act was held to be in force only during the time limited. There is no such limitation here. Had the act prohibited the sale of liquor within three miles of the church *during divine services*, whenever no services were held there, whether the omission was caused by a removal of the building or otherwise, the act would not be in operation. *Aliter* when as here, the church, or the mill, or railroad station is only a designation of the central point of the protected territory.

Another objection applies to both of the grounds assigned in arrest of judgment. An arrest of judgment can only be granted for a defect appearing upon the face of the record. Nothing which appears thereon shows that the church had, in fact, been removed at all, or stands elsewhere than it did the day the act was ratified. It is true the bill charges "the old site of Rutherfordton Baptist Church." If those words can be taken as showing a removal of the church since the statute, there is no defect, for the old site is the proper point from which the three miles are to be measured. *Non constat,* however, that the church named in the act was not built upon such old site. It may or may not be so. It is a matter of surmise, and not a "defect apparent." If the old site of Rutherfordton Baptist Church was not the same as that of the church named in the act, there was a defect of proof to be argued to the jury. Probably it would have been better if the additional allegation suggested by the Court below had been made in the indictment, but advantage of any supposed defect in that regard could only be taken before verdict. It is cured by verdict, for apart from the knowledge derived from the evidence, which cannot be considered on a motion in arrest of judgment, there is nothing to show that the words "old site" are anything other than mere surplusage.

The judgment in arrest must be set aside, and the cause remanded, that the Superior Court may proceed to pass judgment upon the verdict, in conformity to this opinion.

*Per Curiam.*                                   Error.