S. D. JONES, et al. v. THE COMMISSIONERS OF MOORE COUNTY.

*Prohibitory Statute — Description of Locality — Issuance of License by Board of County Commissioners — Discretion — Mandamus.*

1. Where an act of the General Assembly prohibited the sale of intoxicating liquors within two miles of Sanford M. E. Church, and at the date of the ratification of the act, there was a building intended for and known as the Sanford M. E. Church, although not completed, in which services have since been held: *Held*, that the words "Sanford M. E. Church" are descriptive of the point from which the two-mile radius is to be measured and the validity of the act is not conditional upon the building being actually used as a church.

2. The issuance of a license to sell liquor by a Board of County Commissioners is a matter of discretion, and a *mandamus* will not issue to compel them to do so, it not being alleged and shown that their refusal to grant a license was arbitrary.

This was an Application for a *mandamus* to compel the Commissioners of Moore County to issue to the plaintiffs license to sell spiritous liquors in the town of Sanford, in said county, by the measure less than a quart, heard before *Bynum, J.,* at the Spring Term, 1890, of the Superior Court of MOORE County, upon the following facts, which were agreed upon by the parties, to-wit:

1. That the town of Sanford has been duly incorporated by the General Assembly of North Carolina. (Acts 1873–'74, chapter 76.)

2. That it has a Mayor, Board of Commissioners, Constable, and police force.

3. That it has no licensed bar-rooms or saloons within the corporate limits.

4. That the sale of spiritous liquors, wines or medicated bitters, or any liquors or substances, by whatever name it may be called, which produces, or may produce, intoxica-

tion, is prohibited within two miles of Sanford M. E. Church, in Moore County, by the Acts of 1889, chapter 362, section 1, ratified 11th day of March, 1889.

5. That at the time of the ratification of said act a church building intended for divine worship had been commenced in the corporate limits of Sanford by the trustees of the M. E. Church, South, but it was not then completed. No services had been held in it, nor had it been dedicated. Said building had a roof and tower and a floor, and was weatherboarded, but the door, shutters and window-sash were not in. It was situated upon a lot conveyed to the trustees of the M. E. Church, South, on 28th day of March, 1888, for the purpose of erecting thereon a church, and said building was intended for and recognized and known as the Sanford M. E. Church, although it was not completed, and was in process of erection. That services have since been held in said church, and it is now recognized and known as the Sanford M. E. Church.

6. That said church is about 300 yards from the point where the plaintiffs propose to locate their place of business.

7. That the defendants in the exercise of their discretion have refused to grant to the plaintiffs leave and license to retail spiritous, vinous and malt liquors, or either of them, at their place of business in Sanford, although requested to do so.

8. That they were furnished with evidence of the good moral character of the plaintiffs.

9. That at the time of the ratification of said act, there was no licensed saloon in Moore County.

Upon the foregoing facts, the Court, being of opinion that the plaintiffs were not entitled to the *mandamus* asked for, gave judgment dismissing the petition, from which the plaintiffs appealed.

*Mr. W. E. Murchison*, for plaintiffs.
*Mr. W. J. Adams*, for defendant.

CLARK, J.: Chapter 362, Acts 1889, prohibited the sale of intoxicating liquors within two miles of Sanford M. E. Church, in Moore County. The case on appeal states that at the date of the ratification of the act there was a " building intended for and known as the Sanford M. E. Church, although it was not completed, and was in process of erection. Services have since been held in said church, and it is now recognized and known as the Sanford M. E. Church."

The words " Sanford M. E. Church " are descriptive of the point from which the two-mile radius is to be measured, and the validity or continuance of the act was not made conditional upon the building being actually used as a church. *State* v. *Eaves*, at this term, and *State* v. *Patterson*, 98 N. C., 666. There being a building at the date of the passage of the act *known and recognized* as the Sanford M. E. Church, the defendants were prohibited from issuing license to sell liquor within two miles thereof. *The Code*, § 707, par. 25.

This case differs from *State* v. *Midgett*, 85 N. C., 538. There the act prohibited the sale of liquor within a certain distance of any *church* in Hyde County. It was held that this did not apply to an academy in which preaching was occasionally had, but which was not known and recognized as a church. Besides, the defendants having refused to issue plaintiff a license, as a matter of discretion, and it not being alleged and shown that such exercise of discretion was arbitrary, a *mandamus* could not issue. *Muller* v. *Commissioners*, 89 N. C., 171.

No error.