STATE OF MISSOURI, Respondent, *vs.* FREDERICKS, Appellant.

1. Under the act concerning groceries and dram shops, a license to sell intoxicating liquors at one place is no defence to an indictment for selling them at a different place, although the two bars are in adjoining buildings and there is a communication between them.

*Appeal from St. Louis Criminal Court.*

*J. R. Lackland,* circuit attorney, for State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for selling intoxicating drinks without license. He was found guilty, and his fine assessed at twenty dollars in each case. There being two indictments found against him at two different terms of the Criminal Court, by consent, one jury tried both cases at one time. The defendant offered his license, authorizing and permitting him to sell at his stand on Green and Front street, but no other place. The proof conduced to show that he had a house on the corner of Green and Front streets, called the "Alabama House," which was a stone building, and a house called the "Gem," a brick building. The Gem was situated at the corner of Green street and Commercial alley : the Alabama House on the north-west corner of Front and Green streets. He sold intoxicating liquors at both places, and had but one license. The question was, whether these two places were one and the same stand, or were different. If one, the defendant's license covered the offence and he was not guilty. If two, he was guilty. Much evidence was given on this question. The court instructed the jury, that " unless they believe from the evidence, that the bar-room called the Gem House, and the one called the Alabama House are one and the same place, they must find the defendant guilty. If the house, in which the Gem bar is kept, is distinct from the one in which the Alabama house is kept, and the one house is not necessary to the use of the other, then they cannot be considered one and the same place, and they ought to find the defendant guilty, although the jury may believe that there was an internal communication from one to the other."

The court refused to instruct the jury " that if they believe that defendant sold, as charged in the indictment, at the same place, they will acquit, although he may have kept more than one counter, where liquor, &c., was sold." The defendant excepted to the giving and refusal of instructions.

After conviction, he moved for a new trial, which being over-ruled, he brings the cases here by appeal. There was no dispute about the sale of intoxicating liquors. The only point was, whether they were sold at one or two places, and therefore the instructions were worded in regard to this point only. Whether there was but one or two places, was a matter of fact for the finding of the jury, under proper instructions. They found there were two places, and I think very correctly. The instructions given properly put the question in issue before them, and the one refused was not calculated to aid or assist them in arriving at a more correct conclusion. From the evidence, it seems that the defendant himself, until he became a little more desirous of saving, and a little less scrupulous in paying for license, considered these places as two establishments, and took out two licenses, one for the " Alabama" and another for the " Gem" stand. The jury having found the defendant guilty, under proper instructions, let him abide the consequences of his failure to take out two licenses, as he at first did.

The other Judges concurring, the judgment of the Criminal Court is affirmed.