THE CITY OF ST. LOUIS, *Appellant*, v. GERARDI.

Criminal Law : DRAMSHOP KEEPER: CITY OF ST. LOUIS : ORDINANCE : KEEPING DRAMSHOP AT ONE PLACE ONLY, MEANING OF. The defendant had a license to keep a dramshop in the city of St. Louis, it being granted under an ordinance of the city, which required that "applications for any license under this ordinance shall be in

The City of St. Louis v. Gerardi.

writing to the collector, and shall state specifically where the dramshop is to be kept," and, that "any such license shall au. thorize the business therein designated to be carried on at one place only." The defendant was prosecuted for violating the ordinance. It appeared on the trial that he was the proprietor of the Planters House, a hotel in the city of St. Louis, and had procured a license to keep a dramshop at No. 111, North Fourth street, in said city; that said number was the main Fourth street entrance to said hotel; that three bars were kept on the ground floor of the hotel screened off by partitions having direct and immediate connection by doorways, all of which were accessible to the guests without going out of the hotel, and all of which bars were located on the premises occupied for hotel purposes, and being a part of the Planters House, which was one building and one place. *Held*, that the place at which the dramshop was to be kept was the Planters House, and a bar is only the means of carrying on the business, and where it is kept at the designated place the mere fact of the licensee erecting more than one bar at such place, so connected as above stated, would not render him guilty of violating the provision of the ordinance not permitting the business to be carried on except at one place only.

*Appeal from St. Louis Court of Criminal Correction.*—Hon. E. A. Noonan, Judge.

Affirmed.

*Leverett Bell* for appellant.

The state law governing dramshop licenses provides that "no dramshop keeper shall keep such shop at more than one place at the same time." 2 R. S., sec. 5436. It also provides that "applications for license as a dramshop keeper, * * * shall state specifically where the dramshop is to be kept." Section 5438, of the General Statutes, as amended by section 1, of the act of March 24, 1883, Laws of 1883, p. 86. The above provisions of state law have been enacted as ordinance provisions in St. Louis. The question is whether the respondent has violated them, by maintaining three bars in the Planters House building, one on Fourth street,

one on Pine street, and one on Chestnut street, under a license authorizing him to keep a dramshop at No. 111, North Fourth street. The purpose of the statute and ordinance is to require every bar room to have a dramshop license, and to prohibit two or more bar rooms from being conducted under one license. The state law provides that no dramshop keeper shall keep such shop at more than one place at the same time, and no construction can be given to the ordinance of St. Louis that shall permit this to be done. The ordinance provides that the licensee shall not keep a dramshop at any other place than the place designated therein. It is clear that the respondent has violated the ordinance by maintaining three dramshops under one license. *State v. Fredericks*, 16 Mo. 382; *State v. Hughes*, 24 Mo. 147. The right acquired by the holder of a dramshop license is not to be extended by implication, but is to be strictly construed. The business is detrimental to public morals, and is one which, in the exercise of police power, the legislature has the right to prohibit altogether. *State v. Hudson*, 78 Mo. 302.

*Dyer, Lee & Ellis* for respondent.

The doctrine of the cases of *State v. Fredericks*, 16 Mo. 382, and *State v. Hughes*, 24 Mo. 147, is that, under one dramshop license any number of bars may be maintained at the designated place; that there can be no restriction to any particular spot, but that the bars may be situated in different parts of the premises which constitute the one place. In the case at bar, the three bars aforesaid were maintained under one dramshop license on the ground floor of one and the same building, and at one and the same specifically designated place. The respondent maintained three bars ( not "bar rooms") instead of one, solely for the convenience of his guests and others visiting his hotel. Neither the ordinance nor

the spirit of it prohibits this arrangement, and the trial court, therefore, rightly discharged the defendant.

NORTON, C. J.—This case is before us on plaintiff's appeal from the judgment of the St. Louis court of criminal correction, discharging defendant from a prosecution instituted by the city against him for selling liquor in violation of an ordinance of said city. The cause was tried on the following agreed statement of facts, viz:

The defendant was managing proprietor of the hotel known as the Planters House, situated in city block number 101, of the city of St. Louis, state of Missouri. Said hotel covers and occupies the entire east half of said city block, being bounded on the north by Pine street, on the east by Fourth street, and on the south by Chestnut street; and was kept by the respondent for the accommodation of the public as a hotel and restaurant. At the date of the original complaint herein the respondent had one dramshop license which had been duly issued to him by the collector of the city of St. Louis, to keep a dramshop at No. 111, North Fourth street, in the city of St. Louis, and state of Missouri, said number being the main Fourth street entrance to the office of said hotel. At said date the respondent kept in said Planters House three separate bars, at each of which spirituous liquors were sold at retail for money. One of said bars was situated about twenty feet west of Fourth street, near the center of said hotel building; another of said bars was situated next to the southern entrance to said hotel on Chesnut street, and another of said bars was situated on the north side of said hotel on Pine street. Said bars were screened off by partitions, and had direct and immediate communication, by means of doorways, with the office rotunda and restaurant, which together made up to the greatest extent the ground floor of said hotel. All of said bars were easily accessible to the guests without going out of said hotel,

and in point of fact were each patronized by guests and others. All of said bars were located upon the premises, which the respondent leased and occupied for hotel purposes, and were a part of the Planters House, which was *one building and one place.* Guests and persons visiting said Planters House were in the habit of entering the hotel through the entrances on Fourth, Pine, and Chestnut streets, and it was more convenient for guests and others desiring to purchase liquors by the drink, to have said bars so located, than if one bar only had been used.

Plaintiff also put in evidence the ordinance which defendant is charged with violating, the material provisions of which applicable to the case are as follows: "Applications for any license under this ordinance shall be made in writing, to the collector, and shall state specifically where the dramshop is to be kept," and that "all licenses issued under this ordinance shall be kept posted up in some conspicuous place behind the bar and as near the center thereof as possible;" that "no person or persons to whom a license shall be issued, shall keep a dramshop at any other place than the place designated; provided, that he or they may remove the carrying on of such business during the continuance of such license from the tenement designated therein to any other tenement in the city, provided that he or they shall first have obtained permission for such transfer of business from the collector," etc., and that "any such license shall authorize the business therein designated to be carried on at one place only."

It is clear that this ordinance contemplates that the location of the place where a dramshop is to be kept shall be designated, and that a license to keep a dramshop at such place does not authorize it to be kept anywhere else, and if the facts in the agreed statement brought the case within the operation of this principle, the judgment of the court of criminal correction is erro-

neous. But we are of the opinion that the facts agreed upon fall short of this; they show that defendant, the proprietor of the Planters House, procured a license to keep a dramshop at No. 111, North Fourth street, in the city of St. Louis; that said number was the main Fourth street entrance to said hotel; that three bars were kept on the ground floor of the hotel, screened off by partitions having direct and immediate connection by doorways, all of which were accessible to the guests without going out of the hotel, and all of which bars were located on the premises occupied for hotel purposes, and a part of the Planters House, which was one building and one place. The place at which the dram-shop was to be kept was the Planters House, and a bar is only a means of carrying on the business, and where it is kept at the place designated, the mere fact of the licensee erecting more than one bar at such place, so connected as they were in the present instance, would not render him liable to the penalty of the ordinance in question. We can see no reason why a dramshop keeper, for his own convenience as well as that of his customers, might not, at the place where he is authorized to conduct a dramshop, erect a bar from behind which to sell beer, another to sell wine, and another to sell whiskey, brandy, gin, etc. The rooms in which the bars in this instance were located were all on the ground floor of the Planters House, the place at which defendant was licensed to keep a dram shop, only separated by screen partitions with doors to pass from one to the other.

We have been cited in support of the position of the city counsellor to the cases of *State v. Fredericks*, 16 Mo. 382, and *State v. Hughes*, 24 Mo. 147. In the first case cited it is only held that a license to keep a dramshop in one house does not authorize the licensee to keep a bar in another house, distinct from the other house and not necessary to its use, although there

might be an internal connection from one to the other. And in the last case cited it is simply held that a license to sell liquor at a place named in a specified block in the city of St. Louis, as, for instance, in block 15, will not authorize a sale of liquor in another and distinct block, as, for instance, in block 179.

The judgment is hereby affirmed, in which all concur, except Brace, J., absent.