### COMMONWEALTH *vs.* JAMES E. WELCH.

Berkshire.    September 11, 1888. — September 24, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — License.*

At the trial of a complaint for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and keeping of intoxicating liquors, it appeared that the defendant had a license of the first class, under the Pub. Sts. c. 100, § 10, to sell such liquors in a front room; that he had no license as an innholder; and that during the time alleged he stored in an unconnected rear room large quantities of liquors, which were kept for sale under the license in the front room, and not otherwise.   *Held,* that the keeping of the liquors in the rear room was illegal, and that the defendant was liable for keeping and maintaining such a nuisance.

COMPLAINT to the District Court of Northern Berkshire against the defendant, for keeping and maintaining a common nuisance, to wit, a certain tenement in North Adams used for the illegal sale and keeping for sale of intoxicating liquors, from May 1, 1887, to December 16, 1887.

At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict of guilty, and the judge reported the case for the consideration of this court.   The facts appear in the opinion.

*C. J. Parkhurst*, (*A. W. Preston* with him,) for the defendant.
*A. J. Waterman*, Attorney General, for the Commonwealth.

MORTON, C. J.   It appeared at the trial, that the defendant had a license of the first class, under the Pub. Sts. c. 100, § 10, to sell intoxicating liquors in a certain room in a building called the Mansion House in North Adams, which room was particularly designated and described in the license; that he had no license as an innholder ; that during a part of the time covered by the complaint he kept and stored large quantities of intoxicating liquors in a rear room adjoining the room specified in the license, but having no connection or communication with it, which liquors were kept for the purpose of being sold under the license in the room specified therein, and not otherwise.   We assume, in favor of the defendant, though it is not directly stated, that he had a license as a common victualler.

We are of opinion that the Superior Court rightly ruled that such keeping in the rear room was illegal.   The statute provides that a license of the first class shall be issued only to persons who hold a license as an innholder or a common victualler, and that it " shall specify the room or rooms in which such liquors shall be sold or kept by a common victualler."   It further provides that " no person licensed as aforesaid, and not licensed as an innholder, shall keep, sell, or deliver any such liquors in any room or part of a building not specified in his license as aforesaid."   Pub. Sts. c. 100, § 9, cl. 5.   This last provision is not merely a condition of the license, but is a substantive provision relating to premises not covered by the license, and a violation of it is punishable under the Pub. Sts. c. 100, § 18.

It is a part of the scheme of the statute, that the public officers may at any time enter upon the licensed premises to ascertain the manner in which the business is conducted, and to examine the quality and purity of the liquors kept for sale.   Pub. Sts. c. 100, § 15.   This furnishes a reason why all liquors kept for sale should be kept in the licensed premises, which are open to the inspection and examination of the public officers.   But whatever may be the reason, the statute is explicit, and clearly prohibits a licensee of the first class from keeping liquors intended for sale in any other place except the room or rooms specified in the license.   It follows that, upon the facts of this case, the defendant was guilty of the illegal keeping of intoxicating liquors in the rear room, and that he is liable to a com-

plaint or indictment under the Pub. Sts. c. 101, §§ 6, 7, which provides that whoever keeps or maintains a tenement used for the illegal keeping or sale of intoxicating liquors shall be liable to the penalty therein specified.

*Judgment on the verdict.*