COMMONWEALTH *vs.* JOHN STRATTON.

Worcester.     September 30, 1889. — November 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — License — Innholder.*

Under the Pub. Sts. c. 100, § 10, a license of the first class to sell intoxicating liquors to be drunk on the premises, issued to a licensed innholder, need not, under § 9, specify the room or rooms in which the liquors are to be sold or kept.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Milford used for the illegal sale and illegal keeping for sale of intoxicating liquors, from November 1 to November 20, 1888.

· At the trial in the Superior Court, on appeal, before *Brigham,* · C. J., there was evidence that the defendant had a license as an innholder. The defendant introduced in evidence a license of the first class, which certified that " the board of selectmen of the town of Milford have granted a license to John Stratton, doing business at Lincoln House, Memorial Hall Square, to sell,

or expose or keep for sale, until May 1st, 1889, spirituous or intoxicating liquors to be drunk on the premises."

The judge, against the defendant's objection, " ruled and instructed the jury, that the last named license would not constitute a valid defence to the complaint, because the room or rooms in the Lincoln House, the place covered by the license, in which liquor might be kept, was not duly specified in the license."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. G. Kent,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

MORTON, C. J.    The defendant had a license as an innholder, and also a license of the first class, under the Pub. Sts. c. 100, § 10, to sell liquor to be drunk on the premises.    The Superior Court ruled that the last named license was invalid, because it did not specify the room or rooms in which such liquor should be sold or kept.    This ruling was erroneous.    The statute provides that each license of the first class shall be subject to the condition " that the licensee shall not keep a public bar, and shall hold a license as an innholder or common victualler; and shall specify the room or rooms in which such liquors shall be sold or kept by a common victualler.    No person licensed as aforesaid, and not licensed as an innholder, shall keep, sell, or deliver any such liquors in any room or part of the building not specified in his license as aforesaid."    Pub. Sts. c. 100, § 9.    It is clear that this does not require that a license issued to one who holds a license as an innholder should specify the room or rooms in which the liquors shall be sold or kept.    The provision as to specifying the rooms applies only to a license to sell liquors issued to a common victualler, and not to such a license issued to an innholder.    If there could be any doubt as to the construction of the provision of the Public Statutes which we have quoted, it would be removed by a reference to the St. of 1880, c. 239, § 1, of which such provision was intended to' be a re-enactment.    That section, after providing that the license shall specify the room or rooms in which liquors shall be sold, and that no licensee shall sell in any other part of the building,

contains the express proviso " that this section shall not apply to persons holding an innholder's license." The Public Statutes do not alter this provision of the statute of 1880, and were not intended to.                              *Exceptions sustained.*