THE PEOPLE v. SAMUEL A. LESTER.

*Liquor traffic—Principal and agent—Place where business is carried on.*

An agent of a firm engaged in the sale of liquors cannot carry on such business at a place separate from, and not connected with, the saloon occupied by his principals, under the tax paid by them.

Exceptions before judgment from Berrien. (O'Hara, J.) Argued May 1, 1890. Decided May 9, 1890.

Respondent was convicted of engaging in the business of a liquor dealer without paying the required tax. Conviction affirmed, and the court directed to proceed to judgment. The facts are stated in the opinion.

*O. W. Coolidge* and *E. L. Hamilton,* for respondent.

*B. W. Huston,* Attorney General, and *George W. Bridgman,* Prosecuting Attorney, for the people.

CAHILL, J.    The respondent was indicted for having been engaged on June 1, 1888, at Niles, Mich., in the business of selling and offering for sale malt, brewed, and fermented liquors at wholesale and retail, without having paid the tax required by law, and without having the receipt for such tax posted up in the place where said liquors were kept for sale, and without having given the bond as required by law, in violation of Act No. 313, Laws of 1887.

On the trial the defendant admitted that he sold, at the time charged, malt and brewed liquors, in quantities less than 12 quarts, at a place called the "Bottling Works" in the city of Niles, which was situated at the corner of Fifth and Howard streets in that city, and also that he kept and drove a wagon into neighboring towns, from which he sold malt and brewed liquors, in similar quantities, during the month of June, 1888, but claimed that he conducted such business as the agent of Krell & Co., who had paid a tax of $500, and had given bonds in conformity with the statute.    It was conceded that Krell & Co. had the right to sell liquors at their place of business on Main street in the city of Niles.    The sole question in this case is as to whether the respondent, as the agent for Krell & Co., had the right to carry on business at the bottling works, that being a place separate from, and not connected with, the saloon of Krell & Co. on Main street.

An effort was made by the prosecution on the trial to show that respondent was really carrying on the business in his own interest, and that his claim, that he was acting as agent of Krell & Co., was a mere pretense to avoid

the payment of the tax. But the circuit judge instructed the jury that this was not important; that, while Krell & Co. had a right to sell beer at wholesale and retail, they could only do so at one place, and that place was their saloon on Main street; that Krell & Co.'s payment of a tax and giving of a bond would not justify respondent in carrying on the business he was engaged in as their agent or otherwise.

In this the circuit judge was right. The statute contemplates that upon paying the tax and giving the required bond a person may lawfully carry on the business of selling liquor at *one place*. Section 4 of the act requires him to specify in his application to the county treasurer to pay the tax the ward, village, or township in which he proposes to carry on the business. Section 6 requires the county treasurer to give the applicant a receipt for the tax, which the party is required to post up in a conspicuous place in the room or place where the business is carried on. Section 8 provides that the principal in the bond shall not be allowed to carry on the business in any other building or place than that specified in the bond without giving notice and executing another bond. But, aside from these express provisions of the statute, it is clear that the position taken by the respondent, if conceded to be correct, would nullify the law. If a person who had so far complied with the law as to be entitled to carry on the business at one place could, by the appointment of agents, justify them in conducting the business at other places, there would be little reason why more than one person should pay a tax and give a bond in each county. The rest of the dealers could act as his agents.

The conviction is affirmed, and the court is directed to proceed to judgment.

The other Justices concurred.