## THE PEOPLE v. JOHN W. BROWN.

*Liquor traffic—Constitutional law—Bond—Illegal sale.*

Section 8 of Act No. 313, Laws of 1887, in so far as it confines a liquor dealer to one place of business, and prohibits him from selling in any other place without giving notice and filing another bond executed as required by said act, is constitutional, and for a violation of said requirements the offender may be punished under section seven of said act.

Exceptions before judgment from Kalamazoo. (Buck, J.) Submitted on briefs February 4, 1891. Decided February 27, 1891.

Information for failing to file liquor bond, etc., under section 8 of Act No. 313, Laws of 1887. Conviction affirmed. The facts are stated in the opinion.

*Irish & Knappen,* for respondent.

*A. A. Ellis,* Attorney General, and *George P. Hopkins,* Prosecuting Attorney, for the people.

CHAMPLIN, C J.   The information filed against respondent reads as follows:

"STATE OF MICHIGAN,                                    } ss.
"*The Circuit Court for the County of Kalamazoo,*  }

"George P. Hopkins, prosecuting attorney in and for the county of Kalamazoo aforesaid, for and in behalf of the people of the State of Michigan, comes into said court, in the May term thereof, in the year of our Lord one thousand eight hundred and ninety, and gives it here to understand and be informed that on the 31st day of July, A. D. 1890, at the city of Kalamazoo, in said Kalamazoo county, John W. Brown, who was then and there the keeper of a certain saloon or place where beer or malt liquors are sold and kept for sale at retail, which saloon or place was located in a building or place known as number 124 East Main street, in said city of Kalamazoo, and who had before that time, and on, to wit, April 30, 1890, executed, as principal, a bond as required by act number 313 of the Session Laws of 1887 of the State of Michigan, which act was passed by the Legislature of the State of Michigan at the session thereof held in the year 1887, in which bond executed as aforesaid the building or place known as number 124 East Main street was specified as the place where the business of selling beer and malt liquors at retail was then and there proposed to be carried on, and who was not then and there a druggist, did sell beer and malt liquors at retail and by the drink in a building or place then and there known as numbers 127 & 129 Portage street, and also known as the 'Old Excelsior Rink' building, in said city of Kalamazoo, and which said last-mentioned building or place was not then and there the building or place specified in said bond so as aforesaid, without then and there giving notice and executing another bond than the one above specified and mentioned, as required by section number eight of act number 313 of the Session Laws of 1887 of the State of Michigan, aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

"GEORGE P. HOPKINS,
"Prosecuting Attorney, Kalamazoo County."

The defendant pleaded guilty to the information, and

moved in arrest of judgment, for the reasons following:

1. The information states no offense against the criminal laws of the State.

2. The section under which respondent is prosecuted is unconstitutional and void.

3. The statute provides no punishment for the violation of the section under which the respondent is prosecuted.

The motion was denied, and the case is brought here upon exceptions before sentence.

The eighth section of Act No. 313, Laws of 1887, among other things enacts that the principal in the bond required by that section shall not be allowed to sell spirituous, malt, brewed, fermented, or vinous liquors in any other building or place than that specified in said bond, without giving notice and executing another bond in the manner in that section prescribed. We think that, aside from the objectionable features pointed out in a similar statute in *Robison v. Miner*, 68 Mich. 549, the section is constitutional, and its requirements imperative. The portion of the section confining the dealer to one place of business is valid, as is also the prohibition against selling in any other place without giving notice and filing another bond executed as required by the act. This disposes of the first and second reasons for arrest of judgment

The third presents more difficulty. Section 8 also enacts that—

" Any sale made in violation of this section shall be a misdemeanor, and shall be punished as provided in section six of this act."

Section 6 does not provide any penalty or punishment whatever, and, if a strict construction is to be placed upon the language of the section, no punishment is attached to any of the offenses enumerated in section 8. It is claimed by counsel for the people that section 8

contains a wrong reference, and that the word "six" should be read "seven." But, if this cannot be done, he claims that the respondent should be punished under section 7 by virtue of a clause in that section which reads as follows:

"If any person or persons shall engage or be engaged in any business requiring the payment of a tax under section 1 of this act without having paid in full the tax required by this act, and without having the receipt and notice for such tax posted up as required by this act, or without having made, executed, and delivered the bond required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor," etc.

We held in *People v. Lester*, 80 Mich. 643, that a person could not under this act carry on the business of selling liquor at two or more different places. The particular place where the business was to be carried on must be specified, and it must be confined to that place. The information charges a violation of the law in that respect. When respondent engaged in the business of selling liquors at retail at Nos. 127 and 129 Portage street, without giving notice, and executing another bond, as required by the act, he rendered himself liable to the punishment prescribed by section 7 of the act above quoted. If the reference in section 8 to section 6 applies to the offense charged in the information, it may be regarded as surplusage, as only one punishment is prescribed for selling without paying the tax and executing the bond required by the act, and that is contained in section 7. The punishments prescribed by section 7 were passed upon in *Robison v. Miner*, 68 Mich. 549, and need not be further noticed.

We find no error in the record, and the circuit judge is advised to proceed to judgment.

The other Justices concurred.