WILLIAM COURTRIGHT v. THE COMMON COUNCIL OF THE VILLAGE OF NEWAYGO.

*Liquor traffic—Bond of dealer—Operating two bars under one license.*

1. The liquor law of 1887 recognizes the fact that other lines of business are often carried on upon the same premises within which the liquor business is or is to be conducted, and makes a distinction between the *room* in which the liquors

are kept for sale and the *place* where the business is carried on.

2. The bond required to be given by a person who engages in the sale of intoxicating liquors must contain a description, not of the room or rooms where the liquor is to be sold, but of the place where the business is to be carried on.

3. The statute imposes the tax to be paid by liquor dealers, not upon the amount of their business, nor upon each bar, but upon the *business* of selling liquor at the *place* of business designated.

4. *Mandamus* will lie to compel the approval of a liquor bond in which the place where the business is to be carried on is designated by the name of a hotel owned and kept by the liquor seller, and in which he maintains two separate bars, one on the ground floor and one in the basement, the same having front entrances from the street, and rear entrances from the alley in the rear of the hotel, and being accessible from the hotel office.

*Mandamus.*   Argued June 6, 1893.   Granted June 30, 1893.

Relator applied for *mandamus* to compel respondent to approve his liquor bond.   The facts are stated in the opinion.

*George Luton,* for relator.

*William D. Fuller,* for respondent.

McGRATH, J.   This is an application for a *mandamus* to compel respondent to approve relator's bond as a retail dealer in liquors.

Relator is carrying on a hotel in the village of Newaygo known as "The Courtright," having a frontage of 175 feet on the main street, and which is wholly occupied by relator. It is insisted by respondent that relator has for some years operated, and now proposes to operate, two separate bars in said hotel,—one on the first floor, and one in the basement,—both of which have independent entrances from the

street, and also from the alley in the rear of the hotel, and both of which are accessible from the hotel office. The bond described the place at which the business is to be carried on as "at the Courtright," and respondent insists that the description is not sufficiently specific to prevent the maintenance of both bars under one license.

The form of the bond required by the law of 1887 is set forth in the act, and contains the following recital:

"*Whereas,* the above-named principal proposes to carry on the business of ——— (and describing the place of business), at ———, in the county of ———."

The place of business of relator is the hotel known as "The Courtright," and that description includes any room within the curtilage. The statute[1] recognizes the fact that other lines of business are often carried on upon the same premises within which the liquor business is or is to be carried on, and makes a distinction in its restrictions between the room in which liquors are kept for sale and the place within which the business is carried on. Section 14 makes it unlawful to permit any student or minor to play at cards, or any game of chance, in any part of any building in which liquors are sold, while section 15 makes it unlawful to allow any minor to visit or remain in any room where liquors are sold, unless accompanied by his father or other legal guardian. Section 17 provides that all saloons, restaurants, *bars, in taverns or elsewhere,* and all other places where liquors are sold, except drugstores, shall be closed on certain days, and during certain hours.

In *Goff v. Fowler,* 3 Pick. 300, defendant was licensed as an inn-keeper, and it was insisted that such license did not extend to a building detached from the house proper, but it was held that the detached store was a dependency.

---

[1] Act No. 313, Laws of 1887.

In *Com. v. McCormick*, 150 Mass. 270 (22 N. E. Rep. 911), it was held that a license to sell in a "one and a half story building" imported an authority to sell anywhere in such building.

In *City of St. Louis v. Gerardi*, 90 Mo. 640 (3 S. W. Rep. 408), the Planters' House occupied one-half of a square and had three street fronts, and a bar at each of the front entrances. The bars were screened off by partitions, and had direct communication, by means of doorways, with the office rotunda and restaurant. The ordinance provided that application for licenses should be made in writing, and should state specifically where the dramshop was to be kept, and that—

"All licenses issued under this ordinance shall be kept posted up in some conspicuous place behind the bar, and as near the center thereof as possible."

Held, that the place at which the dramshop was to be kept was the Planters' House; that the bar is simply the means of carrying on the business, and, where it is kept at the designated place, the mere fact of the licenses erecting more than one bar at such place, so connected would not render him guilty of a violation of the ordinance. See, also, *Salt Co. v. Wilkinson*, 8 Blatchf. 30; *Hochstadler v. State*, 73 Ala. 24; *Com. v. Stratton*, 150 Mass. 188 (22 N. E. Rep. 893); *Com. v. Jones*, 142 Id. 573 (8 N. E. Rep. 603); *Com. v. Barnes*, 140 Id. 447 (5 N. E. Rep. 252); *State v. Moody*, 95 N. C. 656.

Section 8 of the act provides that upon filing the bond the principal shall not be allowed to sell "in any other building or place than that specified in said bond without giving notice, and executing another bond." This language would seem to exclude the idea that the principal cannot sell elsewhere in the same building, and that if he should change the location of his bar to another room in the same building he would be obliged to give a new bond.

This section is discussed in *People v. Brown*, 85 Mich. 119, 121, and the language used is, "one place of business." The bond requires a description, not of the room or rooms, but of the place of business.

In the present case the entire premises are occupied by one proprietor. They have a well-known designation. They are connected by doorways, as are the rooms in which the bars are located. The whole is one place, with one proprietor. The statute imposes the tax, not upon the amount of the business, nor upon each bar, but upon the business of selling liquor at the place of business designated.

The *mandamus* must issue as prayed.

The other Justices concurred.