STATE *ex rel.* SHEEKS *vs.* MAY G. HILLIARD *et al.*

Opinion filed Oct. 31, 1901.

**Intoxicating Liquors—Sales by Pharmacists.**

> The authority conferred upon county courts to issue permits to registered pharmacists to sell intoxicating liquors for medicinal, mechanical, and scientific purposes, by chapter 63 of the Penal Code, is limited to granting permits to sell at the particular place petitioned for. It is accordingly *held* that sales made at a place other than that for which the petition was granted are unlawful sales, and the person making such sales is not exempt from the consequences imposed by said chapter for unlawful sales, even though the seller's permit does not specify the particular place for which issued.

Appeal from District Court, Richland County; *Lauder, J.*

Action by the state, on relation of H. Sheeks, against May G. Hilliard and others. Judgment for plaintiff, and defendant Hilliard appeals. Affirmed.

*Purcell & Bradley,* for appellant.

Defendants carried on their business as druggists, and sold intoxicating liquors in compliance with law, except that they sold at a place other than that specified in the petition for license. The petition asked the right to sell intoxicating liquors as druggists in the village of Lidgerwood. Hilliard, at the time of leasing the building, saw and read the permit, and relied thereon as authority to Koch & Phillips to sell intoxicating liquors in the premises. A license to sell liquors is not void because it fails to specify the house where the liquors are sold. *Goforth* v. *State,* 60 Miss. 766; *State* v. *Walker,* 16 Me. 241; *State* v. *Gerhardt,* 3 Jones (N. C.) 178. A license protects the holder so long as it remains uncancelled. *Commonwealth* v. *Graves,* 18 B. Mon. 33. If the license specifies the place it will not justify sales in any other place. *State* v. *Prettiman,* 3 Harr. 570; *State* v. *Hughes,* 24 Mo. 147. The above cases are cited as illustrating the principles by which § 7594, Rev. Codes, should be construed.

*Bosard & Bosard,* for respondent.

A person holding a permit issued on petition will be protected in the sale of liquors under § § 7594, 7596, Rev. Codes, only when he sells in the place in the town, village or ward, set forth in his petition for the permit. A sale under a license, in another place than that which the license was issued to cover is not within its protection. *Creckmore* v. *Com.,* 12 S. W. Rep. 628; *Com.* v. *Holland,* 47 S. W. Rep. 216; *Com.* v. *Ashbury,* 47 S. W. Rep. 217; *Pearce* v. *State,* 32 S. W. Rep. 697; *State* v. *Fredricks,* 16 Mo. 382; *Com.* v. *Welch,* 147 Mass. 374; *State* v. *Gerhardt,* 33 L. R. A. 313. The claim of good faith will not protect appellant any more than such a claim would protect him against a sale to minor or a person in the habit of

becoming intoxicated. *McCoy* v. *Clark,* 81 N. W. Rep. 159; Good faith is no defense where the act was done without authority. *State* v. *Bain,* 75 N. W. Rep. 403; *Bartell* v. *Hobson,* 78 N. W. Rep. 689.

YOUNG, J. This action is prosecuted on behalf of the state to abate an alleged liquor nuisance kept and maintained by the defendants Lewis W. Koch and Henry A. Phillips in a building situated upon lot 7, in block 11, in the village of Lidgerwood, in Richland county which lot and building they occupied under a lease from May G. Hilliard, the other defendant herein, contrary to the provisions of chapter 63 of the Penal Code, prohibiting unlawful dealing in intoxicating liquors. Judgment was entered in the district court abating said alleged nuisance, and for costs, which were taxed and allowed in the sum of $196.25, and were adjudged to be a lien on the premises. May G. Hilliard, the owner of the property, alone appeals from the judgment. The errors upon which she relies are based upon the judgment roll proper. The findings of fact made and filed by the trial judge are not challenged. The sole contention is that the conclusions of law based thereon are erroneous.

The trial court found that intoxicating liquors were sold on the premises above described by appellant's tenants, and that such sales were without authority of law, and in violation of chapter 63 of the Penal Code, above referred to, whereby, under § 7605, Rev. Codes, embraced in said chapter, such premises became and were a common nuisance. Appellant's contention is that the sales of intoxicating liquors by her tenants on said premises were made under the authority of a druggist's permit, issued by the county judge of Richland county, authorizing the sales which were made, and that, therefore, such sales were not unlawful, and her premises were not a common nuisance. Concededly, appellant's position is correct, on the facts of this case, if her tenants had the protection of a druggist's permit, for no sales appear to have been made which would be in violation of the restrictions placed upon sales by druggists holding permits. The sole question, then, is, did her tenants have a druggist's permit to sell intoxicating liquors on the premises in question? This question is to be detemined as one of law from the following facts: Koch was a registered pharmacist, and had a druggist's permit, which was issued by the county judge of Richland county, by its terms authorizing him to sell intoxicating liquors in the village of Lidgerwood, which permit was issued prior to the occupancy of appellant's premises, and for another place in said village, to-wit, lot 14 in block 17. The trial court found that this permit was granted upon "a petition made by said Louis W. Koch, with the signers as required by law, for a permit to sell intoxicating liquors as a druggist, and in said petition named as the particular place in said village of Lidgerwood where he was to conduct said business another property than the property described in the complaint, to-wit, lot 14, in block 17, in the said village of Lidgerwood, and the said Louis W. Koch had no other permit to sell intoxicating liquors as a druggist in Lidgerwood than the one issued upon the said petition for

lot 14 in block 17, and the said Henry A. Phillips had no permit of any kind to sell intoxicating liquors; that when defendant Hilliard leased said premises to defendants Koch & Phillips she saw and read the permit introduced in evidence, and relied thereon as authority in said Koch & Phillips to sell intoxicating liquors on said premises; * * * that the only violation of the prohibitory liquor law * * * consisted in the sale of intoxicating liquors by said defendants Louis W. Koch and Henry A. Phillips in all respects in accordance with law, except that such intoxicating liquors were sold upon a permit which did not specify the particular place in the village of Lidgerwood at which said sales were to be made and at a place different from the place specified at which sales were to be made in the petition of said Louis W. Koch for such permit. Briefly stated, the facts are these: Koch had a permit under which he and Phillips as copartners operated a drug store and sold intoxicating liquors on lot 14 in block 17. Later they leased the premises in question, lot 7 in block 11, from the appellant, and continued selling intoxicating liquors in the new place of business without further authority than that given by the permit formerly issued. Were such sales lawful The trial court found as a conclusion of law that the defendants had no valid druggist's permit to sell intoxicating liquors on lot 7 in block 11, being the premises in question. This is assigned as error. We reach the conclusion without hesitation that the trial court was correct in this conclusion. Reference to § 7593, Rev. Codes, will show that sales of intoxicating liquors are made unlawful generally, and § 7605 declares that all places kept and maintained for the forbidden purposes are common nuisances, and are subject to be abated in accordance with said section. An exception is made, however, in favor of druggist's, whereby they may sell and do so lawfully. § 7594 prescribes the steps which they must take to become authorized to make lawful sales, and said section is the source of the power of county courts to grant such authority. Said section, among other things, provides that, "in order to obtain a druggist's permit under this act, the applicant shall file in the office of the county judge of the county wherein he is doing business, * * * a petition signed by the applicant and twenty-five reputable freeholders, having the qualifications of electors of the town, village, township or ward of any city and twenty-five reputable women over twenty-one years of age, who are residents of the town, village, township or city wherein such business is located. All petitions shall set forth: The town, village, city or township and particular place therein wherein such business is located. That said applicant is a pharmacist as aforesaid and is lawfully and in good faith engaged personally in the business of a druggist as the proprietor thereof, at the place designated in the petition. * * * If satisfied that the signatures of such petition were signed by such persons, and that such petitioners are freeholders or citizens of such town, village, township, city or ward as above expressed and that the statements in such petition are true the county judge may in his discretion grant a permit to the appli-

cant to sell intoxicating liquors for medicinal, mechanical, and scientific purposes only; and such permit shall be recorded upon the journal of the county court, and a certified copy thereof pasted in a conspicious place in the store wherein said business is carried on before it shall be of any validity." The same section also provides for a cancellation of such permit upon petition of residents of "the town, village, township, city or ward in which the business of druggist is carried on," and § 7599 provides that the permit is forfeited when the number of freeholders and women who signed the petition shall fall below the number required by law "by removal from the state, county, city or town, or by death, or at the end of any year by the withdrawal of their names from the petition, unless a new petition shall be filed," etc. It seems too clear for argument that the power conferred upon a county judge to grant permits is restricted to granting them for the particular place named in the petition, which place must be in the particular town, village, township, or ward of any city wherein the applicant's place of business is located and the petitioners also reside. He is authorized to act only upon petitions for a permit for a particular place as well as for a particular person, and he is not given authority to grant a permit to any other person or for any other place than the person and place named in the petition. Clearly, he has no authority to grant permits in all portions of his county generally, in disregard of the restrictions above quoted. A permit granted under the provisions of the statute will protect the druggist who holds the same in sales which are made thereunder in accordance with the restrictions imposed by the statute, but it is entirely clear that a permit to sell at one place does not authorize sales to be made at a place other than that for which the permit was granted, or render such sales lawful. In this case the permit issued did not specify the particular place petitioned for, but in terms extended to the village of Lidgerwood. It would have been proper to have designated the particular place in the permit. But the omission of the county judge to describe the particular place did not make it available to the holder as legal authority to sell at any place he might choose in the village of Lidgerwood. The permit which was granted was that petitioned for, and that was for lot 14 in block 17, and the county judge was without authority to grant it for any other under the law. This the defendants were bound to know, and the fact that the appellant may have innocently believed when she leased her property to the other defendants that the permit conferred authority to sell on said premises can afford her no protection. Her ignorance of the law presents no excuse which can be recognized as valid. The right of a druggist to sell under a permit is similar to the right of a saloon keeper to sell under a license. It is generally held in such cases that a sale of intoxicating liquors under a license at another place than that for which it was issued is not protected by the license, and the person making such sales may be prosecuted as though he had no license. *Commonwealth* v. *Welsh,* 147 Mass. 374, 17 N. E. Rep. 895; *State*

v. *Fredericks,* 16 Mo. 382; *Pearce* v. *State,* (Tex. Cr. App.) 32 S. W. Rep. 697; *Commonwealth* v. *Asbury,* (Ky.) 47 S. W. Rep. 217; *Commonwealth* v. *Holland,* (Ky.) 47 S. W. Rep. 216; *Creekmore* v. *Commonwealth,* (Ky.) 12 S. W. Rep. 628. The trial judge did not err in concluding that the permit issued to Koch upon his petition for a privilege to sell intoxicating liquors on lot 14 in block 17 gave him no authority to sell in the building subsequently leased from appellant.

Finding no error in the record, the judgment of the district court is affirmed, and it is so ordered. All concur.