GABLE v. TOWNSHIP BOARD OF THREE OAKS.

1. INTOXICATING LIQUORS — RETAIL LIQUOR DEALERS — BOND — LI-
   CENSE—APPROVAL—TOWNSHIPS—MUNICIPAL CORPORATIONS.
      Townships have no authority to suppress the liquor traffic
      by ordinance.

2. SAME—BOND—REJECTION.
      It is not within the authority of a township board to reject
      a bond offered by a retail liquor dealer who applies for
      a license, on the ground that the instrument is signed by
      a surety company, without reference to the legal sufficiency
      of the bond or an investigation as to the actual respon-
      sibility of such surety.

3. SAME—APPLICATION—PLACE OF BUSINESS.
      Only the township, ward or village in which the applicant
      proposes to do business need be stated in the application:
      any additional information, whether correctly given or
      not, should be treated as surplusage. Act No. 291, Pub.
      Acts 1909 (3 How. Stat. [2d Ed.] § 5058).

4. SAME—BOND—REQUISITES.
      However, the rule is different as to the bond, which must
      distinctly describe the locality and place where he pro-
      poses to establish the business, and the lot or building
      and location must be exactly stated so as to distinguish
      it from any other and prevent the licensee from moving
      without securing permission of the township or other
      authorities.

5. SAME.
      Although application and bond may be considered and ap-
      proved at the same meeting, and are sometimes passed
      upon together, the application should be considered first.
      And while the rejection of the bond may have been war-
      ranted because it failed to state, with sufficient particu-
      larity, the place where relator intended to conduct his
      saloon, mandamus will issue to compel respondent to
      reconvene and approve a proper application.

Certiorari to Berrien; Bridgman, J. Submitted

July 25, 1914.   (Calendar No. 26,288.)   Decided October 2, 1914.

Mandamus by David F. Gable to compel the township board of Three Oaks to reconvene and approve his application for a retail liquor dealer's license and to approve his bond.  Relator reviews on certiorari an order denying the writ.  Reversed.

*O'Hara & O'Hara,* for appellant.

*Gore & Harvey,* for appellee.

STEERE, J.   This proceeding is instituted to review on certiorari the action of the circuit court of Berrien county in denying relator a writ of mandamus to compel the township board of Three Oaks township, in said county, to approve his bond and application for a liquor license.  Said township, exclusive of a village of the same name within its boundaries, contains a population of 793 persons, according to the census of 1910, and no saloon for the sale of intoxicating liquors has existed in said township for many years.

On April 18, 1914, relator filed with the clerk and presented to the township board of said township his application for a liquor license and bond in connection therewith, in the sum of $6,000, signed by himself and the Michigan Bonding & Surety Company.   The bond was a regular liquor dealer's surety company bond, and the application followed the usual form, in general compliance with the statutory requirements, stating, however, as to location:

"That the place in which he proposes to carry on such business is the one-story frame building in the east part of the east one-half of southeast quarter, section 4, town 8 south, range 20 west, in the township of Three Oaks," etc.

The same description of the "place of business" is also set out in the bond.

At a meeting attended by all members, held April 22, 1914, the township board unanimously rejected said bond and application.

On April 25, 1914, relator applied to the circuit court of Berrien county for a writ of mandamus to compel said board to "convene and approve the application for license and liquor bond of your petitioner," etc., upon which the court issued an order requiring said board to show cause why the writ applied for should not be granted. Return to said order and answer to relator's petition having been made, the court, after a hearing had thereon, denied said petition and refused to issue the writ of mandamus as requested. The return to this writ of certiorari comprises copies of the petition and answer, with other files and records, including the opinion of the court in said mandamus proceeding. The facts are practically undisputed.

The verified return and answer of the township board to the order to show cause, amongst other reasons, stated that an investigation revealed there "is no one-story frame building in the east part of the east one-half of the southeast quarter of section 4, town 8 south, range 20 west, in the township of Three Oaks, Berrien county, Mich., and respondents also aver that said David F. Gable is not the owner of any land in the east part of the east one-half of the southeast quarter of section 4, and has no valid lease or rights therein, said lands and premises now being occupied and used by Schuyler Ray for farming purposes;" that an ordinance, a copy of which is set out, previously adopted by said board, prohibiting the licensing of saloons for the sale of intoxicating liquor in said township, was in force when such application was made; that said bond was refused, as appears by the record of said meeting, "for the reason that said township

board does not deem the said surety company a proper, responsible, or sufficient surety," and under the law and facts "respondent had a legal right to reject both the application and bond."

Most of the questions raised in this proceeding were reviewed in full and determined contrary to respondent's contentions in the recent cases of *Price* v. *Township Board of Oakfield, ante,* 216 (148 N. W. 438) ; *McCabe* v. *Township Board of Burnside* 181 Mich. 683 (148 N. W. 197).

It is sufficient to state that, under those decisions and others which have gone before, township boards have yet no authority to suppress the liquor traffic by enacting prohibitory ordinances. The ordinance which respondent pleads as justifying it in rejecting relator's application was without authority of law and void. Neither was it within the power of the board to arbitrarily reject relator's bond on the ground that it was a surety company bond, without reference to its legal sufficiency, or without honestly and in good faith making an investigation of and determining the actual responsibility of the surety.

The remaining ground of refusal, that the "place of business" is not sufficiently nor truthfully described, is of legal force as to the bond, but not as to the application. For the latter, the statute only requires the applicant to state the "ward, village or township" in which it is proposed to carry on such business. Section 4, Act No. 291, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 5058). This application distinctly states that it is proposed to carry on such business in the township of Three Oaks, Berrien county, State of Michigan. All further description is mere surplusage.

But, when the applicant comes to present his bond for approval, he is required to be more definite in stating the locality, and the designated place where he

proposes to establish his business must be distinctly described, to the exclusion of any possibility of migration, so that the exact building, lot, location, or place is plainly pointed out and can be distinguished from any other, for the licensee is prohibited from carrying on the business in any other building or place than that specified in said bond, without first giving notice, securing consent of the local authorities, and executing another bond describing the new location. Section 8 of said act; *People* v. *Lester,* 80 Mich. 643 (45 N. W. 492) ; *People* v. *Brown,* 85 Mich. 119 (48 N. W. 158). The bond was clearly questionable in the particular stated, and, when it further appeared that no such building as it assumed to describe was in existence in that locality, respondent was legally justified in rejecting it.

Although it is common for the presentation and consideration of an application and bond to take place at the same meeting of the municipal board, and the two are often taken up together, the application must nevertheless be considered and passed upon first. Each should be separately considered in its proper order. It would of course be idle for an applicant to present a bond if his application was legally rejected, but the opportunity is given him to procure his bondsmen, and execute and present his bond after he ascertains his application is approved. Section 4 of said act, amongst other things, provides:

"If such application shall be approved by said board as provided in this act, such applicant shall then present to said board for approval a bond. * * * Such approval of any such application shall expire and be null and void if the applicant therein does not, within two weeks of the date of such approval, execute the satisfactory bond, secure the approval of such bond," etc.

Relator's petition asked that respondent be directed

to reconvene and do two things: *First,* grant his application for a license; and, *second,* approve his bond.

While the refusal to approve the bond found support in the statute, and was justified for the reason stated, the only reason shown for rejecting the application at any time, calling for serious consideration, is its claim that the so-called Warner-Cramton law, as amended, authorized township boards to prohibit and suppress the liquor traffic within the township. That question has since been settled against respondent's contention, in the recent cases before mentioned, and we are constrained to conclude that, as to relator's application for a license, the writ of mandamus prayed for must be granted directing said township board to reconvene and reconsider relator's application, and if found without legal objections, in compliance with the statute, to approve the same.

In view of the condition of the law at the time of respondent's refusal, we are satisfied that its members acted in good faith. For this, and the further reason that good cause was shown for not approving relator's bond, no costs herein will be allowed to either party.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.