Allen, J.
Plaintiff in error was arrested and convicted of unlawful possession of intoxicating liquor in violation of an ordinance of the city of Findlay, Ohio. The Findlay ordinance, in so far as it relates to this case, is in terms identical with the so-called Crabbe Act, which appears in 108 Ohio Laws, part 2, page 1182.
The conviction was affirmed in the Court of Appeals. The plaintiff in error comes into this court as a matter of right, claiming that the act is unconstitutional because of an alleged discrimination and immunity existing in the act in favor of occupants *476 or owners of bona fide private dwellings, tinder which it is lawful for the said occupants or owners both to possess and to give away intoxicating liquor.
Subsection 2 of Section 2 of the Crabbe Act (Section 6212-14, General Code), as repeated in the ordinance, which is the section particularly attacked in this proceeding, reads as follows:
“The term ‘given away’ and the term ‘possess’ shall not apply to intoxicating liquor in a bona fide private dwelling.”
Section 3 of the same act (Section 6212-15, General Code), in so far as pertinent, reads as follows: “No pei’son shall, after the passage of this act, manufacture, sell, barter, transport, import, export, deliver, furnish, receive, give away, prescribe, possess, solicit or advertise any intoxicating liquors, except as authorized in this act.”
Plaintiff in error claims that this statute, in that it makes “giving away” and “possession of” intoxicating liquor a crime, but provides that the term “given away” and the term “possess” shall not apply to intoxicating liquor in a bona fide private dwelling, violates the equal protection of the laws guaranteed by the Fourteenth Amendment and the same equal protection vouchsafed by Section 2 of the Bill of Rights of the Ohio Constitution.
Plaintiff in error claims that this legislation makes possession by the homeless a crime, whereas it exempts from the penalties against possession the man who has a home.
It will be observed that no classification of persons is made in Section 3 of the act. The phrase is:
“No person shall * * * possess * * * any *477 intoxicating liquors, except as authorized in this act.”
The exception authorized in the act is an exception of possession, manufacture, sale, etc., of liquor and liquor preparations for nonbeverage purposes and of wine for sacramental purposes. The word “person” is defined in the act to mean “actual persons, firms, associations, copartnerships and corporations.” No person, therefore, is éxempted from the penalty of the act if he possesses liquor and liquor preparations and compounds and wine for beverage purposes in violation of the act.
The penalty attaching to this prohibition applies not merely to those who have not a home; the man: who has a home, if he possesses liquor in violation of the act, is subject to the penalties thereof. The man who has not a home is not subject to the penalties of the act if he possesses liquor legitimately in a bona fide private dwelling, apartment house, hotel or boarding house where he occupies a room not transiently but solely as a residence; Section 4 of the Crabbe Act. Neither does the law distinguish in this regard between a hovel and a palace. The man who occupies a miserable shack as his bona fide residence, a barn, a box car, or any shelter which could be called a dwelling, in the opinion of the court would be as entitled to protection under this provision of the Crabbe Act as the man who owns a mansion.
Plaintiff in error cites various cases which he claims are irreconcilable with the provision of this statute, which cases are well-established law: Williams v. Donough, 65 Ohio St., 499, 63 N. E., 84, 56 L. R. A., 766; Miller v. Crawford, 70 Ohio St., 207, 71N. E., 631, 1 Ann. Cas., 558; State, ex rel., v. Rob *478 ins, 71 Ohio St., 273, 73 N. E., 470, 69 L. R. A., 427, 2 Arm. Cas., 485; Williams & Thomas Co. v. Preslo, 84 Ohio St., 328, 95 N. E., 900, Ann. Cas., 1912C, 704. They hold that a law providing that a certain class of insurance benefits can be withheld from creditors is unconstitutional; that the former bulk sales acts were unconstitutional because they discriminated in favor of a limited class of creditors; that an act of the General Assembly which requires that “the execution or guaranteeing, as surety, of all bonds and undertakings for the faithful performance of official or fiduciary duties, or the faithful keeping, applying or accounting for funds or property or for one or more of such purposes, excepting bonds of the superintendent of insurance, and of notaries public, or of executors, administrators, guardians, trustees or other fiduciaries, whose bonds are fixed by the court at an amount not in excess of $2,000, is hereby required to be by” a surety company or companies, is unconstitutional. None of these cases is in point upon the facts of this case, which attacks a statute enacted under the police power to prohibit traffic in intoxicating liquors.
That such legislation has been repeatedly held unconstitutional is well established. 23 Cyc., 75, Constitutionality of Liquor Laws. Such statutes are constitutional, even though they impose an apparent discrimination. Thus, a statute which debars nonresidents of the state from procuring a license for the sale of liquors is not obnoxious to the Eourteenth Amendment. Welsh v. State, 126 Ind., 71, 25 N. E., 883, 9 L. R. A., 664; Austin v. State, 10 Mo., 591.
Also a license law is not invalid nor unconstitu *479 tional because it restricts the right to obtain licenses to such persons as are shown to be of good moral character and of good reputation in the community. In re Bickerstaff, 70 Cal., 35, 11 Pac., 393; Gundling v. City of Chicago, 177 U. S., 183, 20 Sup. Ct., 633, 44 L. Ed., 725.
It is competent also for the Legislature to provide that a licensed dealer in liquor shall not sell in any other place than that specified in his bond. People v. Brown, 85 Mich., 119, 48 N. W., 158.
The statute prohibiting the sale of liquor in a certain specific locality is not unconstitutional merely because its application is limited and not general. Howell v. State, 71 Ga., 224, 51 Am. Rep., 259.
So the Legislature may prohibit such sales in places where by reason of the character of the place itself or of the neighborhood the traffic is likely to be unusually dangerous to the morals or good order of the community. 23 Cyc., p. 82, note 80, and cases cited.
If it is within the power of the Legislature to permit the sale of liquor within a certain restricted place only, il? is difficult to see why it is not within the power of the Legislature to penalize the possession of liquor elsewhere than in a bona fide residence.
It is established in the Ohio law that classification is an inherent right and power of the Legislature, limited only by the Constitution and the judicial construction thereunder.
In the case of City of Xenia v. Schmidt, 101 Ohio St., 437, 130 N. E., 24, the syllabus reads in part as follows:
*480 “(5) A classification must not be arbitrary, artificial, or evasive, but there must be a real and substantial distinction in the nature of the class or classes upon which the law operates.
‘ ‘ (6) In respect to such distinctions, the legislative body has a wide discretion, and the legislation involving classification will not therefore be held invalid unless the classification attempted is clearly and obviously unreasonable to the point of discriminating against members of the same class, so as to deny them the equal protection of the laws.”
This case held that a “classification of street obstructions into temporary, and permanent, and providing that the ordinance shall operate only upon temporary obstructions, is a real and reasonable classification, and does not violate any provision of state or federal Constitution.”
. Is the classificátion made in Subsection 2 of Section 2 of the Crabbe Act, and in the ordinance here attacked, clearly and obviously unreasonable? The court holds that it is not. It is reasonable that the home, where used for the legitimate purposes of a home, should be safe from search and seizure, but that the home when used as a cloak for crime should not receive the protection of a home. Moreover, the law operates equally upon every person who comes within the class established in the law. It may operate against the man “without a home.” Equally it may operate against the man with a home. In fact, the defendants whose convictions have been upheld under this statute for the most part have homes, and the fact that they had homes did not exempt them from the operation of the statute.
*481 For this reason, there being no error in the record, the judgment must be affirmed.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Matthias and Day, JJ., concur.
Jones, J., took no part in the consideration or decision of the case.