### THE PEOPLE v. AUGUSTUS GADWAY.

*Constitutional law—Section 15, added to Act 259, Public Acts of 1881, by Act 178, Public Acts of 1883, is not embraced in the title to Act 259— Hence is repugnant to Section 20, Art. 4, of the Constitution, and void— To "regulate" and to "prohibit" not synonymous terms—Amendatory legislation—If highly penal in its character—Liberal construction of title to existing law, so as to cover objects not within meaning of language used therein, precluded.*

1. Section 15, added to Act 259, Laws of 1881, by Act 178, Laws of 1883, making it unlawful "for *any* person * * * to sell or offer for sale, furnish or give, any spirituous * * * liquors, * * * or suffer the same to be done, at any time, within a radius of two miles *from* the grounds or premises of the Michigan Military Academy, * * * near Orchard Lake, in the county of Oakland, in this State," is not embraced in the title of the original act, hence is repugnant to Section 20, Art. 4, of the Constitution,[1] and therefore void.

---

[1]For a full discussion of this section, see *Attorney General v. Amos,* 60 Mich. 372, and cases cited in note.

2. To "regulate" and to "prohibit" are not synonymous terms.

3. Where an *amendatory* act is highly penal in its character, a liberal construction of the title of the *original* act, so as to embrace objects not within the meaning of the language used therein, is precluded.

Exceptions before judgment from Oakland. (Stickney, J.) Argued April 21, 1886. Decided May 6, 1886.

Respondent was convicted under Act 178, Laws of 1883, of selling beer within a radius of two miles from the grounds or premises of the Michigan Military Academy, in Oakland county. Reversed. The facts are stated in the opinion.

*Thomas J. Davis* and *Theo. Hollister*, for respondent:

Act 178, Laws of 1883, amends Act 259, Laws of 1881, by adding a *new* section, and unless the amendment is embraced in the title of the *original* act, is void : Cooley on Const. Lim. 97, 174; *Underwood v. McDuffee*, 15 Mich. 361; *Stewart v. Father Matthew Society*, 41 Id. 67.

The title to the original act was considered in *Kurtz v. People*, 33 Mich. 279, and it was held that Sunday and night closing fell fairly within the words " to regulate " and prevent the sale of liquors to minors and drunkards. Apply the reasoning of the court to this case. The title names the prohibition the act contains, viz., " sale, etc., to minors and persons in the habit of getting intoxicated," while the amendment prohibits such sale or gift, even in or as a medicine by a physician, within two miles of a certain farm. Move him one inch, perhaps, and such sale is legal; otherwise a crime.

When one particular is expressly pointed out, all else is excluded by implication : *McDade v. People*, 29 Mich. 50–6, and cases cited; *Board of Education v. City of Detroit*, 30 Id. 505–9 ; *People v. Lilley*, 43 Id. 521–29 ; and after an enumeration of specific things, the general term following is understood as embracing only similar ones : *Brooks v. Cook*, 44 Mich. 617–19.

Criminal statutes are not construed to include what is not clearly within the language used, particularly when such a construction would materially increase the penalty: *People v. Reilly*, 50 Mich. 386.

A statute in derogation of common right is kept within the limit of its express provisions : Bishop Stat. Cr. § 119.

It makes more than one object in the act as amended. "Regulate" and "prohibit" are not synonymous terms. Webster defines the first as "to adjust by rule, method, or established mode," and the other to "forbid,—to interdict by authority."

*Moses Taggart*, Attorney General, for the People :

The construction of titles to acts, under our constitution, covers that which is directly or indirectly connected with the subject named : *People v. Mahaney*, 13 Mich. 481–501 ; *Kurtz v. People*, 33 Id. 279 ; *Phillips v. Bridge Co.*, 2 Metc. (Ky.) 219 ; *Ex parte Upshaw*, 45 Ala. 234 ; Sedgwick on Construction, p. 520; *People v. Bennett*, 54 Barb. 480 ; *Smith v. Com.*, 8 Bush, 112 ; *McAunich v. Miss. & Mo. R. R. Co.*, 20 Iowa, 338 ; *Litchfield v. Vernon*, 41 N. Y. 124 ; *People v. Lawrence*, Id. 139 ; *State v. Adamson*, 14 Ind. 296 ; *Thomasson v. State*, 15 Id. 449 ; *Reams v. State*, 23 Id. 111 ; *Hingle v. State*, 24 Id. 28.

The act in question is to regulate the sale of liquors; to regulate means to restrain in some sense, either as to manner or place of sales, or the person to whom sales may be made. It must necessarily be a restriction in some shape or form, and such as the Legislature, in its wisdom, deems a desirable police regulation. The authorities are numerous and without conflict, holding that the title need not show the methods, means, or instruments by which the object of the act is to be accomplished. *How* the sale is to be regulated, or the sales to minors or persons in the habit of getting intoxicated *prevented*, is not, therefore, required to be specified in the title. The sale of liquors to minors within a certain distance of institutions of learning may be prohibited, and such restriction is expressly recognized as a proper police regulation : *O'Leary v. Cook Co.*, 28 Ill. 534 ; *Wilson v. State*, 35 Ark. 414 ; *Blackwell v. State*, 36 Id. 178 ; *State v. Heldt*, 41 Tex. 221 ; Cooley's Const. Lim. 744 ; *State v. Staley*, 3 Lea (Tenn.) 565 ; *State v. Rauscher*, 1 Id. 96.

If it is conceded that such legislation is a legal exercise of the police power of the State, it follows that it is a regulation of the sale of liquor, and therefore within the title of the act ; and that this power is within the province of the Legislature, the same as that to fix places for markets, to forbid gambling houses and business which is demoralizing, and to regulate a score of other classes of employments and business, must be admitted.

The original act names several places where sales of liquor

shall not be made, and the amendment specifies another exception to which the law shall apply; and, not being foreign to the subject-matter indicated by the title, is not invalid because an additional restraint upon the business: *Underwood v. McDuffee*, 15 Mich. 361.

There is no duplicity of title. One common object is sought by the bill, and if the title had only been to regulate the sale of liquor, all that is contained in the act which is complained of could legitimately have been introduced under it. The latter part of the title is really surplusage, but as the effect is to make more definite and certain the object of the act, respondent is not in position to complain. The particularity in the title is largely a matter of legislative discretion: *Brewster v. Syracuse*, 19 N. Y. 116; *People v. Mahaney*, 13 Mich. 495; *State v Silver*, 9 Nev. 227; *State v. Town of Union*, 33 N. J. Law, 351.

The validity of a law does not depend upon its affecting every person in the State. The statute-books are full of enactments which only affect certain limited localities, such as cities and villages, and yet on this score they are never attacked. This act and section affect the general welfare of the whole State. A law public in its object may be local in its application. All that is required is that it apply equally in the territory to all persons coming within the conditions of the act. The act forbids certain sales throughout the State, and the last section prohibits sales at the Military Academy grounds, but does not change the nature of the law from a general to a local one: Cooley's Constitutional Lim. 48; *Haskel v. City of Burlington*, 30 Iowa, 232; *Pollock v. McClurken*, 42 Ill. 370; *Iowa Railroad Land Co. v. Soper*, 39 Iowa, 112; *McAunich v. M. & M. R. R. Co.*, 20 Iowa, 338; *State v. Co. Commissioners*, 29 Md. 516; *Unity v. Burrage*, 103 U. S. 447.

CHAMPLIN, J. In 1881 the Legislature, by Act No. 259, passed a bill entitled—

"An act to regulate the sale of spirituous, malt, brewed, fermented, and vinous liquors; to prohibit the sale of such liquors to minors, intoxicated persons, and to persons in the habit of getting intoxicated; to provide a remedy against persons selling liquors to husbands or children in certain cases; and to repeal all acts or parts of acts inconsistent herewith."

By Act No. 178 of the Session Laws of 1883 this act was

amended by adding thereto a new section, to stand as section 15 of said act. The title to the amendatory act did not indicate the object or purpose of the amendment. The added section reads as follows :

" Sec. 15. It shall not be lawful for any person, including druggists, by himself, his clerk, agent, or servant, directly or indirectly, to sell or offer for sale, furnish or give, any spirituous, malt, brewed, fermented, or vinous liquors, or any beverage, liquors, or liquids containing any spirituous, malt, brewed, fermented, or vinous liquors, or suffer the same to be done, at any time, within a radius of two miles from the grounds or premises of the Michigan Military Academy, an institution of learning located near Orchard Lake, in the county of Oakland, in this State. For any violation of any of the provisions of this section the person so offending shall be punished by a fine of not less than two hundred dollars, nor more than five hundred dollars, or by imprisonment not exceeding one year, in the discretion of the court."

At the December term of the circuit court for the county of Oakland, on complaint made, the prosecuting attorney of Oakland county filed an information against the above-named respondent, charging him with a violation of section 15 of the act as amended.

Gadway kept a hotel within three-fourths of a mile of the grounds of the Michigan Military Academy. The academy has a vacation from the middle of June till September, and is not run during the vacation as an educational institution.

On the twenty-sixth of August, 1885, the supervisors held a picnic at Gadway's, and the evidence showed that he, through his agents and servants, sold beer upon that occasion to different persons named in the information. After all the evidence was introduced, the counsel for the respondent requested the court to charge the jury as follows :

1. The statute on which this information is based is unconstitutional and void.

2. The offense charged is not an offense at common law, and not an offense under the general statutes of this State.

3. The jury must acquit the prisoner.

The court refused each of the above requests, and under his instructions the jury returned a verdict of guilty.

The error assigned upon the refusal of the court to grant the first request is all that need be considered; for, if the statute is not in conflict with the provisions of the constitution, the conviction must stand. It is claimed by counsel for respondent that section 15 is not within the title of the act, to which it is added by way of amendment.

In applying the constitutional test to this law, it must be regarded as if section 15 was embraced in the original when passed; and if it is embraced in the title of the act of 1881 it is valid; otherwise not. What objects are expressed in the title of that act? They are—

1. To regulate the sale of spirituous, malt, brewed, fermented, and vinous liquors.

2. To prohibit the sale of such liquors to minors, and to persons in the habit of getting intoxicated.

3. To provide a remedy against persons selling liquors to husbands or children in certain cases.

4. To repeal all acts or parts of acts inconsistent therewith.

The learned attorney general insists that the section is embraced in the first object above enumerated, and is included in the expression " to regulate the sale of spirituous liquors," etc., because the construction of titles to acts, under our constitution, covers that which is directly or indirectly connected with the subject named. He insists that " the Legislature had an object in view, and if, by law enacted to accomplish it, others are affected, it would not invalidate the law. It was not only to protect the school-boys from the evils of intemperance, but to preserve order and peace within the vicinity of the school-grounds."

If such was the object of the Legislature, they have adopted a measure strangely inapt to effectuate that object. It is in proof that the grounds or premises of the Michigan Military Academy comprise about 100 acres of land. Now, while the act prohibits absolutely the sale or gift of spirituous, fermented, or vinous liquors within the radius of two miles *from* the premises, it nowhere prohibits the sale or gift of such liquors *upon* the premises of the academy; and there is nothing in the law which prevents the township board of the

township in which the premises are situated from licensing any number of saloons or places for the sale of such liquors upon the premises of the academy, under the general law.

The peculiar characteristic of the section added by the amendment is the restricted and local application of the prohibition. It segregates from the general territory over which the body of the act extends a certain circle around the premises of the Military Academy, and in that circle entirely prohibits the traffic. In all other parts of the State it regulates; here it prohibits. Unless " to regulate " is synonymous with "to prohibit," the fifteenth section does not fall within the object embraced in the title of the act. The Legislature understood that the words were not synonymous; for in the title of the act it expressed one object to be to prohibit, not regulate, the sale of liquors to minors, to persons intoxicated, and to persons in the habit of getting intoxicated; and had it intended originally to extend the prohibition around the premises of the Military Academy, it can scarcely be doubted that it would have expressed that object in the title of the act.

The amendment is highly penal, and precludes a liberal construction of the title so that it will extend to objects not within the meaning of the language employed.

Section 15 of the act as amended must be declared unconstitutional and void, and the conviction must be set aside, and the prisoner discharged.

CAMPBELL, C. J., and SHERWOOD, J., concurred. MORSE, J., did not sit.