THE ATTORNEY GENERAL v. GEORGE C. HUEBNER, TREASURER OF WAYNE COUNTY.

*Liquor traffic—Payment of tax—Filing bond.*

A county treasurer has no right to receive and receipt for a liquor tax under the liquor law of 1887 until the statutory bond is filed in his office.

*Mandamus.* Argued April 21, 1892. Granted April 22, 1892.

Relator applied for *mandamus* to compel the respondent to refrain from receiving and receipting for liquor taxes before the filing of the statutory bond. The facts are stated in the opinion.

*Levi L. Barbour* and *DeForest Paine,* for relator.

*William J. Gray,* for respondent.

PER CURIAM. This is an application for a *mandamus,* directing the county treasurer to refrain from receiving and receipting for a liquor tax before the filing of the bond required by statute.

Respondent contends that there is no provision of the statute requiring the approval and filing of the bond to precede the issuing of the receipt for the tax. It is true that there is no express provision to that effect. The statute, however, prohibits the applicant from engaging in the saloon business until the bond is approved by the proper body, and filed with the county treasurer, the tax paid, etc.

The simple question is whether the statute contem-

plates that the county treasurer shall receive the amount of the tax, and issue a receipt therefor, until such time as the party proposing to pay the tax has become entitled lawfully to engage in that business by complying with the other provisions of the statute. The statute requires that the bond shall be approved by the township board, the village council, or the common council; but the bond is not filed with the town clerk, the village clerk, the city clerk, or the county clerk, but the statute expressly provides that it shall be filed with the county treasurer. It seems to us that the express purpose of this requirement is to enable the county treasurer to determine, before taking the money and issuing his receipt, that the applicant has complied with the provisions of the statute respecting the bond.

In *Rode v. Phelps*, 80 Mich. 610, we considered this question, and held that we would not compel the treasurer to issue the receipt, because the proper bond had not been filed with him according to law.

The writ will issue directing respondent to require the filing of the bond provided for by the statute, and the payment of the tax, before the issue of the receipt.

No costs will be awarded.

GRANT, J., did not sit.