## The People v. John Sykes.

*Liquor traffic—Payment of tax—Right of administratrix to continue business.*

If a wife, as administratrix of her husband's estate, can continue to carry on the business of liquor selling, in which he was engaged at the time of his death (which is not decided),[1] she cannot do so without first paying the tax and giving the bond required by the statute.

Exceptions before sentence from Ionia. (Smith, J.) Submitted on briefs June 22, 1893. Decided July 25, 1893.

[1] See *Smith v. Brennan*, 62 Mich. 349.

Respondent was convicted of engaging in the business of selling intoxicating liquors at retail without paying the required tax. Conviction affirmed. The facts are stated in the opinion.

*George E. Nichols* and *F. C. Miller,* for respondent, contended:

1. Upon the payment of the tax a property right vested in the decedent, which his death did not destroy, and which descended to his heirs and legal representatives.

2. "If the tax is paid, the traffic is lawful; but, if not paid, it is equally lawful. There is, consequently, nothing in the case that appears to be in the nature of a license. The State has provided for the taxation of a business which was found in existence, and the carrying on of which it no longer prohibits; and that is all."—Citing *Youngblood v. Sexton,* 32 Mich. 413, 420. This case has been followed in every case in which we are able to find the question discussed; citing *Westinghausen v. People,* 44 Mich. 265; *Doran v. Phillips,* 47 Id. 228; *People v. Walling,* 53 Id. 264; *People v. Breidenstein,* 65 Id. 65. On the other hand, it has been held that the object of a license is to confer a right that did not exist without it; citing *Chilvers v. People,* 11 Mich. 43, 49; *Youngblood v. Sexton,* 32 Id. 420; Cooley, Tax'n (2d ed.), 596.[1]

*A. A. Ellis,* Attorney General, and *Royal A. Hawley,* Prosecuting Attorney, for the people.

LONG, J. There is no disputed question of fact in this case. May 2, 1892, one Michael Snyder paid to the county treasurer of Ionia county $500 as a tax, as required by law, for the purpose of carrying on the business at retail of selling spirituous liquors. He gave the required bond. He continued in business until August 26, 1892, when he died, leaving his wife, Mary Snyder, and two children, surviving him. His wife was appointed administratrix of his estate,

---

[1] See *Sherlock v. Stuart,* 96 Mich. 193, holding that, while the fee required to be paid as a condition to engaging in the business of selling intoxicating liquors is called a "tax," there are other conditions precedent which are inconsistent with a purely tax system, and partake of the character of a license.

consisting of about $300 of personal property. After her appointment as administratrix, Mrs. Snyder continued to carry on the business, and employed the respondent to assist her therein.   December 29, 1892, both were arrested, charged with violating the liquor law, in that they were carrying on the business without having paid the tax required by law.   They took separate trials, and the respondent, under the direction of the court, was found guilty.   The case comes up on exceptions before sentence.

But a single question is involved:   Has the administratrix of the estate the right to continue the business without again paying the tax required by Act No. 313, Laws of 1887?   We think the court below was correct in its conclusions.   The statute not only requires a tax to be paid, but a bond to be filed, before a person has the right to engage in that business.   This bond must be executed, approved, and filed with the county treasurer before a tax can be paid and a receipt given.   *Attorney General v. Huebner*, 91 Mich. 436.   The statute prohibits the applicant from engaging in the saloon business until the bond has been approved by the proper body, and filed with the county treasurer, and the tax paid.   If the administratrix could go on with the business under the payment of the tax by the decedent, then she might go on with it without giving any further bond.   It would not be pretended that the decedent's bond would be any protection against unlawful sales made by the administratrix.   The right to carry on the business is in the nature of a license to the party who complies with the statute, and it cannot be said to pass over to the administrator at the death of the party holding it. It must be held that the administratrix could not carry on the business without first paying the tax and giving a new bond, even if, as administratrix, she could carry on the business at all.

The court is advised to proceed to judgment upon the verdict.

The other Justices concurred.