POWER *v.* COMMON COUNCIL OF THE VILLAGE OF LITCH-
FIELD.

1. INTOXICATING LIQUORS—DEALERS' BONDS—SURETIES—NUMBER.
   Section 5386, 2 Comp. Laws, does not authorize a municipality
   to require more than two sufficient sureties on a liquor deal-
   er's bond, but confers the privilege on the principal of pre-
   senting a bond with two or more sureties, and the authority of
   the municipality is limited to a determination of the suffi-
   ciency of bonds tendered in compliance with the law.

2. SAME—MANDAMUS—ANSWER—EXERCISE OF JUDGMENT.
   On mandamus to compel the common council of a village to ap-
   prove a liquor dealer's bond with two sureties, its answer that
   it had adopted a resolution requiring four sureties, because of
   its belief that four sureties would operate as a restraint in con-
   ducting the business, sufficiently showed that the council had
   not attempted to determine, as expressly required by section
   5386, 2 Comp. Laws, the sufficiency of the bond.

3. MANDAMUS — LIQUOR DEALER'S BOND — COMPELLING ACCEPT-
   ANCE.
   On certiorari to review the refusal of a mandamus to compel
   the common council of a village to accept a liquor dealer's
   bond with two sureties, a finding by the court below that the
   council acted in good faith in determining that the bond did
   not comply with a resolution of the council requiring four
   sureties is immaterial.

Certiorari to Hillsdale; Chester, J.   Submitted June 6,
1905.   (Calendar No. 21,142.)   Decided September 20,
1905.

Mandamus by John J. Power to compel the common
council of the village of Litchfield to accept a liquor bond.
There was an order denying the writ, and relator brings
certiorari.   Reversed.

*Shirley Hadley* and *William H. Lockerby*, for relator.

*Frankhauser & Cornell*, for respondent.

OSTRANDER, J.    Relator, desiring to operate a bar or
saloon in connection with his hotel, presented a bond to
the common council of the village, in proper form, with
two sureties.    The bond was rejected.    Thereupon he
applied to the circuit court for the county of Hillsdale for
the writ of mandamus to compel the acceptance of the
bond.    The court denied the writ, and his action is brought
here by writ of certiorari for review.

By unanimous vote, the common council of the village
had required saloon bonds to be in the sum of $6,000, with
four sureties.    The answer of the common council avers
its good faith in the premises, and that,—

"The purpose of requiring four sureties was that the
best possible results might be realized in said village in
connection with the operation of a proposed saloon; that
it was conceived by said common council that four respon-
sible citizens of said village as sureties on said liquor bond
would operate as a wholesome salutary restraint against
the well-known vicious tendencies of such places."

The only question presented is whether the common
council had authority to require more than two sureties
upon the bond.

The statute (2 Comp. Laws, § 5386) requires as a con-
dition precedent to the right to carry on the retail liquor
business the execution and delivery to the county treasurer
of a bond—

"The sufficiency of which shall be determined by the
township board of the township, or the board of trustees,
the council or common council of the village or city in
which such business is proposed to be carried on, to the
people of the State of Michigan, in the sum of not less
than three thousand nor more than six thousand dollars,
with two or more sufficient sureties, who shall be male
residents and freeholders of the township, village or city
in which such business is proposed to be carried on," etc.

And sets out the form of the bond.

It is contended that, because the statute calls for two or
more bondsmen, it is within the power of the common
council to require more than two.    We disagree with this

contention. If the council has the power to require four sureties, it may require eight or ten, or more. The statute is in form a general law, and should not receive a construction which will make its operation variable. There must be at least two sureties, and we think that no more than two who are able to answer the statute conditions can be required. It is well known, however, that sureties upon official and other bonds sometimes prescribe as a condition for becoming sureties that either certain particular persons or a certain number of persons join in assuming the responsibility and liability imposed by the bond. It is the privilege of the principal in the bond required by this statute to present a bond having more than two sureties, so long as each of them is able to answer the statute requirements.. What is left to the municipal authority is the sufficiency of the bond tendered in compliance with the general law.

The opinion of the common council that the larger the number of bondsmen who are responsible the less likely would violations of the law occur is undoubtedly a sound one, which experience would approve. But there is involved in it more than the duty of determining the statute sufficiency of the particular bond. The declared purpose of the common council for requiring four sureties affirmatively establishes the fact that it has not attempted to determine, as the law requires it to do, the sufficiency of the bond tendered.

The finding that the council acted in good faith in determining whether relator had complied with the standard used is immaterial. If the bond is found to be otherwise sufficient, it should be approved.

The order is reversed.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.