HICKS *v*. BOARD OF TRUSTEES OF THE VILLAGE OF PERRY.

INTOXICATING LIQUORS—REGULATION OF TRAFFIC—STATUTE—CONSTRUCTION—BONDS—DUTY TO ACCEPT.

Act No. 532, Local Acts 1907, providing that the board of trustees of the village of Perry "is hereby authorized and empowered" to accept surety company bonds of liquor dealers in said village, but which does not in terms repeal the provisions of section 5383, 2 Comp. Laws, or require the board to accept surety company bonds in lieu of those required by said section 5383, is permissive and not mandatory, and the board is not required to accept such bonds if they deem the surety insufficient.

Certiorari to Shiawassee; Miner, J. Submitted January 7, 1908. (Calendar No. 22,498.) Decided January 31, 1908.

Mandamus by John A. Hicks to compel the board of trustees of the village of Perry to accept a liquor bond. There was an order granting the writ, and respondent brings certiorari. Reversed.

*Odell Chapman, J. H. Collins,* and *A. E. Richards,* for relator.

*A. L. Chandler* and *Seth B. Terry,* for respondent.

MOORE, J. This is a certiorari proceeding to review the action of the circuit judge in granting a mandamus against the respondent compelling it to accept a liquor bond. The village has about eight hundred inhabitants. The relator owns a hotel situated on the land described in section 3 of Act No. 532, Local Acts 1907, approved May 8, 1907. The act reads:

"An act to authorize and empower the board of trustees of the village of Perry in Shiawassee county, Michigan, to accept surety company bonds in lieu of the bonds required of liquor dealers under act three hundred thirteen of the public acts of eighteen hundred eighty-seven; to limit the number of saloons which may be licensed in said village, and to fix their location.

"*The People of the State of Michigan enact:* SECTION 1. The board of trustees of the village of Perry in Shiawassee county, Michigan, is hereby authorized and empowered to accept in lieu of the bonds required of liquor dealers under the provisions of act number three hundred thirteen of the public acts of eighteen hundred eighty-seven, the bond of the principal and any reliable surety company which is or shall be authorized by the insurance department of this State to do business in Michigan.

"SEC. 2. There shall be but one saloon licensed by the board of trustees of the village of Perry to engage in the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors, and malt, brewed or fermented liquors and vinous

liquors, in the said village until the population thereof, according to the last preceding State or Federal census, shall exceed fifteen hundred, when the said board of trustees may license two saloons.

"SEC. 3. So long as there shall be but one saloon in the village of Perry, under the provisions of this act, its location shall be in the building on lots four, five and six in block three, in said village, so long as said building is used for hotel purposes: *Provided,* That in the case of destruction of said building or its use for other or different purposes than a hotel, then the board of trustees of said village may, by resolution, specify another location for the said saloon.

"This act is ordered to take immediate effect."

The relator presented to the council a bond signed by a surety company. The respondents declined to approve it, alleging as a reason that the surety was insufficient and that the bond was not in due form of law.

Respondents claim Act No. 532 is unconstitutional for the reason that it violates sections 20, 25, and 38 of article 4, and section 32 of article 6, of the State Constitution, and U. S. Constitution, Amend. 14, § 1. The respondents also contend that it has passed an ordinance prohibiting the sale of liquor in the village of Perry. Respondents also contend that this act is only permissive and is not mandatory.

It will not be necessary to discuss the first and second of these contentions. The act does not in terms repeal the provisions of section 5383, 2 Comp. Laws. It does not require the council to accept surety company bonds in lieu of those required by said section 5383. It simply authorizes and empowers them to do so. The language is not mandatory but permissive. The case is within *Quay* v. *Cheboygan Circuit Judge,* 150 Mich. 457, and the many cases cited therein.

The judgment of the court below is reversed, and the writ of mandamus is denied, with costs to respondent.

GRANT, C. J., and BLAIR, CARPENTER, and MCALVAY, JJ., concurred.