HANOLD v. COMMON COUNCIL OF THE VILLAGE OF STAMBAUGH.

1. INTOXICATING LIQUORS—MUNICIPAL CORPORATIONS—LICENSE— MORAL FITNESS OF LIQUOR DEALER.

Under Act No. 291, Pub. Acts 1909, it is not within the province of a village council to reject a liquor dealer's application for a license on the ground that he had sold liquor to school children.

2. SAME—PRIORITY—MANDAMUS.

The writ of mandamus will issue to compel the village council to reconsider an application to conduct a retail liquor business and to vacate its proceedings in approving the application and bond of another liquor dealer, filed after the date of relator's application, which was rejected on the ground of moral unfitness, where the number of saloons is limited to nine by law, and nine applications, including the one to be vacated, have been granted.

Certiorari to Iron; Flannigan, J.  Submitted September 27, 1910.  (Calendar No. 24,112.)  Writ granted November 11, 1910.

Mandamus by William F. Hanold to compel the common council of the village of Stambaugh to revoke a liquor license and grant relator's application to sell liquor at retail.  An order denying the writ is reviewed by relator on writ of certiorari.  Reversed, and writ granted.

*Cummiskey & Spencer,* for relator.

*A. J. Waffen,* for respondents.

BIRD, C. J.  The relator, William F. Hanold, applied to the circuit court for the county of Iron for a writ of mandamus to compel the common council of the village of Stambaugh to grant his application for a liquor license. The circuit judge denied his application, and relator has removed the proceeding to this court for review.

The village of Stambaugh is entitled under the law (Act No. 291, Pub. Acts 1909) to a maximum of nine saloons.  Previous to May 16th, the council had granted nine applications for licenses, including one to respondent Stivonski.  Stivonski failed to file his approved bond with the county treasurer within the two weeks required by the statute.  He filed another application on May 16th.  Prior to this, and on April 27th, relator filed his application. At a meeting of the council on May 16th, relator's application was first considered.  Objections were made to its allowance on the grounds, *first,* that he had sold liquor to school children; *second,* that he had harbored prostitutes in his place of business.  Some testimony was taken before the council tending to prove the first charge.  No attempt was made to establish the second one.  The relator's application was denied solely on these grounds.  Stivonski's application was then taken up and allowed.  He at once filed his bond, and is now engaged in the business.

It was the opinion of the trial court that relator's appli-

cation conformed in all respects to the requirements of the
statute; that he was possessed of the qualifications speci-
fied in the act; that the action of the council in rejecting
the application, for the reasons it did, was unwarranted;
and that relator's application for a license should have been
granted, but declined to issue the writ on the ground that
to compel the council to approve relator's application
would result in a violation of the law in respect to the
number of saloons in Stambaugh. The rule which the
legislature has established to guide in the consideration
and approval of applications for licenses is, in part, as
follows:

"*Provided, further,* That when an applicant is found
to be ineligible under the terms of this act, or when said
applicant fails to furnish a proper bond, or when a license
is revoked or determined from any cause, such township
board or village or city council shall grant further appli-
cations, if any are on file, up to such maximum number,
giving preference to those filed on or before April fifteenth,
and after that to applications in the order in which the
same are filed." Act No. 291, Pub. Acts 1909, § 39.

Under this provision of law, it was the duty of the
council to give relator's application the preference over re-
spondent Stivonski's, and, if it appeared that there were
no legal objections, it should have been granted. The
council had no lawful authority to grant Stivonski's ap-
plication until relator's application was withdrawn or
denied upon some legal grounds. It is not important
whether the charges preferred against relator were estab-
lished or not, nor is it important whether he had proper
notice of them, as the council was dealing with a question
entirely outside of its jurisdiction. The legislature has
not vested the council with the power and discretion to
prefer one applicant to another on account of his moral
fitness. See *Robison* v. *Miner,* 68 Mich. 555 (37 N. W.
21). The duty which the legislature has placed upon the
council is to determine whether the applicant has brought
himself within the terms and conditions imposed by the

statute.  If the applicant has done this, his application should be granted, whatever the view of the council may be as to his moral fitness.  The council makes it clear, in its answer to the order to show cause, that it rejected relator's application on account of the charges and for no other reason.  Inasmuch as these charges do not constitute legal grounds for its rejection, we think the relator is clearly entitled to the relief prayed for in this action (*Amperse* v. *City of Kalamazoo,* 59 Mich. 78 [26 N. W. 222, 409]), and that he ought not to be deprived of it, because the council has, without authority of law, granted the right to another.

The writ will be granted, directed to the village council of Stambaugh to vacate its proceedings approving the respondent Stivonski's application and bond, and to reconsider relator's application, and, if found without legal objections, to approve it.

No costs will be allowed against the council, as the trustees undoubtedly acted in good faith in denying relator's application.

OSTRANDER, HOOKER, MOORE, and McALVAY, JJ., concurred.