BROWN *v.* COMMON COUNCIL OF THE VILLAGE OF SPARTA.

INTOXICATING LIQUORS—VILLAGES—LIMITATION UPON NUMBER OF
SALOONS—STATUTES—MUNICIPAL CORPORATIONS.

> Under Act No. 291, Pub. Acts 1909, a village of over 500 inhab-
> itants that had no saloons in April, 1909, is not prohibited
> from afterwards licensing a saloon. The language of the
> statute "not to exceed the number doing business in said
> township, village or city in the month of April, 1909," does
> not refer to a village that had no saloons.

Appeal from Kent; Perkins, J. Submitted June 20,
1911. ( Docket No. 104.) Decided December 8, 1911.

Bill by William B. Brown, prosecuting attorney for the
county of Kent, on the relation of George C. Norton and
others, against the president and trustees of the village of
Sparta and others to restrain defendants from granting a
license to a saloon. From a decree dismissing the bill,
complainant appeals. Affirmed.

*Walker & Fitzgerald*, for complainant.

*Marshall M. Uhl* and *Kleinhans & Knappen*, for de-
fendants.

BROOKE, J. The bill of complaint in this cause is filed
by the prosecuting attorney by leave of the court, on re-
lation of certain citizen taxpayers of the village of Sparta.
A permanent injunction is sought, restraining the officials
of the village from granting to defendant Bowen or any
other person a license as a retail liquor dealer. The in-
junction was denied and the license granted. It is stipu-
lated that, in the month of April, 1909, there were no
saloons or retail liquor dealers doing business in the vil-
lage of Sparta, and that at the time the license was granted
the population of said village was in excess of 500.

The sole question here for determination is: Can a saloon or retail liquor dealer be licensed in said village?

This involves a construction of section 39 of Act No. 291, Pub. Acts 1909:

" When applied for in accordance with the provisions of this act, bonds shall be approved by the local board, board of trustees, council or common council in each township, village and city for retail liquor dealers, not to exceed the number doing business in said township, village or city in the month of April, nineteen hundred nine. *Provided*, that if after this act takes effect the number of retail liquor dealers in any township, village or city shall be in excess of the ratio of one to each five hundred inhabitants, according to the last United States census, no license or licenses shall be issued to any person or persons to take the place of such license or licenses as shall have been revoked as in this act provided, or that shall voluntarily have been surrendered, until the ratio of the licenses granted, and the saloons in such township, village or city shall not exceed one saloon for every five hundred inhabitants thereof, according to the last United States census, etc."

If the contention of the complainant is sound, then all townships and villages in the State which were without saloons in April, 1909, though possessing more than 500 inhabitants according to the last United States census, must forever, or at least so long as this act remains in force, go without saloons. And under this construction a village might increase in population to 5,000 and still be unable to license a saloon, even though the inhabitants and officials thereof desired this action to be taken with practical unanimity. This would, of course, amount to absolute prohibition as to the territory affected, and would deprive such municipalities of the right to determine, each for itself, whether or not a saloon or saloons should be licensed.

Two methods are now provided by law for the prohibition of the liquor traffic. One is under the general local-option act (Act No. 207, Pub. Acts 1889, 2 Comp. Laws, § 5412 *et seq.*, and acts amendatory thereto), which makes

the county the local-option unit. This act permits a county, by a majority vote, according to its terms, to absolutely prohibit the manufacture and sale of liquor within its limits. The second method is under the general village act, which permits villages to suppress saloons for the sale of spirituous and intoxicating liquors. 1 Comp. Laws, § 2769.

The act here under consideration (Act No. 291, Pub. Acts 1909) is entitled "An act to provide for the taxation, licensing and regulation of the business, etc."

If the contention of counsel for complainant as to the construction to be placed upon the language of section 39 were adopted by this court, it would be necessary to determine whether or not under this title the business could be absolutely prohibited in any municipality. Upon this point attention is directed to *People* v. *Gadway*, 61 Mich. 285 (28 N. W. 101, 1 Am. St. Rep. 578); *In re Hauck*, 70 Mich. 396 (38 N. W. 269); *Timm* v. *Caledonia Station Common Council*, 149 Mich. 323 (112 N. W. 942); *Churchill* v. *Detroit Common Council*, 153 Mich. 93 (116 N. W. 558). But it is not necessary to determine this question, as we are of opinion that the language, "not to exceed the number doing business in said township, village or city in the month of April, nineteen hundred nine," has no reference or application to a municipality which on that date had no number doing business, and that such municipality, if possessed of the requisite number of inhabitants, has the same right to grant licenses as those which on that date had a certain number "doing business." Any other construction would, it seems to us, be intolerable, would be discriminatory to the last degree, and would be opposed to the spirit of the whole act, which is to permit saloons in territory which has not adopted prohibition nor (if a village) suppressed the traffic, up to a specified ratio.

The judgment is affirmed.

OSTRANDER, C. J., and McALVAY and BLAIR, JJ., concurred. MOORE, J., concurred in the result.