McCABE v. TOWNSHIP BOARD OF THE TOWNSHIP OF
BURNSIDE, LAPEER COUNTY.

1. Constitutional Law — Intoxicating Liquors — Prohibition—
Local Option.

Act No. 170, Pub. Acts 1911, amending the provisions of
the liquor law, 2 Comp. Laws, § 5386, so as to authorize
a township board or other municipality to reject all liquor
bonds, is unconstitutional, because the title of the amended
statute is not broad enough to include prohibition of the
liquor traffic.

2. Same—Statutes—License.

The amendment of the liquor law of 1909, Act No. 291,
employing the word "licensing" in the title of the amend-
ment, so as to read "An act to provide for the taxation,
licensing and regulation of the sale of liquor," did not alter
the purpose of the original act (Act No. 313, Pub. Acts
1883), so as to permit an amendment which would effect
prohibition.

Certiorari to Lapeer; Smith, J. Submitted June 9,
1914. (Calendar No. 26,275.) Decided July 24, 1914.

Mandamus by Matthew McCabe against the town-
ship board of the township of Burnside in Lapeer
county, to require respondent to accept relator's liquor
bond. An order was entered denying the writ. Re-
lator brings certiorari. Reversed.

*Walter H. Witt* (*B. F. Reed,* of counsel), for ap-
pellant.

*Geer, Williams & Halpin,* for appellees.

McALVAY, C. J. These are proceedings by writ of
certiorari to review a final order of the circuit court
for Lapeer county, denying a writ of mandamus to
compel respondent township board to approve a retail
liquor dealer's bond.

The relator in the mandamus proceedings, possessing the qualifications required by law of a retail liquor dealer, was engaged in that business during the year ending April 30, 1914, and, proposing to continue in such business, filed his application therefor in due form with the township clerk, and at the same time delivered to said officer the required bond duly executed by him as principal and the Michigan Bonding & Surety Company, a domestic corporation, as surety. This application was considered and approved by the township board, and such approval was certified on the application by the township clerk.

The acceptance of this bond having been protested, as provided by law, by petition signed by a majority of the electors, relator, immediately after the approval of his application, tendered to the township board a new bond in the penal sum of $6,000, the amount fixed by the township board, which bond was duly executed by him as principal and by two sufficient sureties, who qualified under oath as required by law, such bond conforming with the statute in form and substance in every respect.

The township board, at a meeting regularly held, refused to approve this bond by a tie vote. Thereupon relator filed his petition in the circuit court for Lapeer county, praying for a mandamus to compel respondent board to convene and approve said bond. An order to show cause was duly issued and served. To this order two separate answers were filed by the members of the board, both admitting all of the facts stated in the petition.

The answer joined in by the two members of the board who favored and voted for approval of the bond also admitted that the prayer of the petition should be granted. The answer made by the two members who opposed the approval of the bond justified their refusal to do so, as follows:

"They admit that the bond signed by relator, as principal, and James F. Martus and John G. Homer, as sureties, was not rejected by said township board because of the form of said bond or the insufficiency of the sureties.

"They admit that they believe they are justified in rejecting and refusing any and all bonds, regardless of the sufficiency of the sureties, because of the language of Act No. 170 of the Public Acts of Michigan for the year 1911, quoted in relator's petition," etc.

Upon the return day of the order to show cause the matter was heard before the circuit court on the petition and answers, and an order and judgment was made and entered denying the prayer of the petition.

There is no dispute upon the facts in this case. The question involved is the constitutionality and proper construction of the act referred to and relied upon by two members of the respondent board as their justification for rejecting and refusing to approve relator's bond. The act referred to is Act No. 170, Pub. Acts 1911, which is amendatory of section 8, Act No. 313, Pub. Acts 1887,[1] being chapter 132, § 5386, 2 Comp. Laws, the material portion of which reads as follows:

"The township board of any township, the board of trustees of any village or the common council of any city may, by a majority vote, reject any or all such bonds presented to them for their approval."

The contention of relator and appellant is that this portion of the act is unconstitutional, for the reason, as stated in his brief, that:

"It grants power to the local board or council to prohibit the liquor traffic altogether, and is therefore repugnant to the object expressed in the title of the act amended, which is, 'to provide for the taxation [licensing], and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving, or delivering, spirituous and intoxicating liquors, and

[1] For the amended section see 2 How. Stat. (2d Ed.) § 5062.

malt, brewed, or fermented liquors, and vinous liquors, in this State,'" etc.

The law regulating the liquor traffic in this State, as is well known to the profession and to laymen, since its first enactment to the present time, has frequently been amended. This court has often been called upon to settle questions which have arisen from year to year in the enforcement of its provisions, and also in construing and determining the constitutionality of many of its provisions.

Act No. 313, Pub. Acts 1887, superseded all former legislation relative to the liquor traffic, and, as amended from time to time, continues to be the statute which controls the business. As its title indicates, it was a statute to provide for the taxation and regulation of the liquor traffic. An amendment to its title was passed by Act No. 291, Pub. Acts 1909, by which it was made to read "An act to provide for the taxation, licensing and regulation of the business," etc., which is its present entitling.

To give an extended history of this legislation would be of no benefit to the profession by reason of the fact of its familiarity with the amendments to the original act and the decisions of this court upon questions which have been raised under it. It has been repeatedly held by this court that the statute is one which provides for the taxation and regulation of this business, and that provisions for prohibiting the liquor traffic are not germane to, and cannot be legally enacted under, a title expressing the object of the statute to be taxation and regulation of the traffic. *People* v. *Gadway*, 61 Mich. 285 (28 N. W. 101, 1 Am. St. Rep. 578); *In re Hauck*, 70 Mich. 396 (38 N. W. 269). See, also, *Timm* v. *Common Council of Caledonia*, 149 Mich. 323 (112 N. W. 942), and cases cited; *Brown* v. *Common Council of Sparta*, 167 Mich. 492 (133 N. W. 527), and cases cited.

It is contended on the part of respondent and appellee that the portion of section 8 under consideration and under which the right is claimed to reject and refuse to approve the bond in question extends to any and all bonds which may be presented for approval under the statute, and that the construction given by the circuit court was correct. In support of this contention it is urged that by reason of the amendment to the title of this act whereby the word "licensing" was inserted so that it reads, as already stated "An act to provide for the taxation, licensing and regulation of the business," the scope of the statute is enlarged, and that the power to license involves the exercise of the power to prohibit.

We agree that the clause under consideration, when read in connection with the balance of section 8, of which it is a part, clearly includes all bonds which may be presented to the township board for approval; but it does not follow that the amendment to the title of the act enlarged its scope to the extent claimed.

We must first consider the effect of the introduction of the word "licensing" into the title of this act. In so doing we must bear in mind the former decisions of this court in sustaining the constitutionality of this law and declaring the object for which it was enacted.

The legislature passed the first act providing for the taxation of the business of manufacturing and selling spirituous and intoxicating liquors in 1875. See Act No. 228, Pub. Acts 1875. The entitling of this act did not include the word "regulation" at the time it was enacted. Section 47 of article 4 of the Constitution of 1850, then in force, prohibited the granting of licenses for the sale of intoxicating liquors. This prohibition was stricken from the Constitution by amendment submitted to vote in 1876. The act of 1875, as later amended, was repealed by Act No. 268, Pub. Acts 1879, which was also entitled an act for the "taxation" of the liquor traffic. Act No. 313, Pub.

Acts 1887, included in its title the words "taxation and regulation" of the liquor traffic, and superseded all former legislation on this subject. This last act is the basis of the present law included in chapter 138, 2 Comp. Laws, entitled "The Liquor Traffic."

The decisions of this court, by reason of what is said in them concerning licenses, relied upon by respondent to support the contention that by the amendment to section 8, now under consideration, power was given to municipal bodies and boards to prohibit in their jurisdictions carrying on the business of selling intoxicating liquors, were based entirely upon the proposition that the taxation of this traffic was the exercise of the police power of the State (namely, *Youngblood* v. *Sexton*, 32 Mich. 406 [20 Am. Rep. 654]) ; and see, also, *Kitson* v. *Mayor of Ann Arbor*, 26 Mich. 325), and arose before the clause prohibiting granting liquor licenses was stricken from the Constitution, and the question raised was that the legislation construed was contrary to the prohibition in the Constitution. The court held that a tax upon the liquor traffic was not licensing it, and did not come within the condemnation of the Constitution.

This court, in construing the present liquor law and its predecessors, has consistently upheld the constitutionality of such laws upon the theory that their purpose was taxation and regulation. Notwithstanding this fact, and undoubtedly for the reason that this law contained "conditions inconsistent with a purely tax system," beginning with the decision in the case of *Robison* v. *Miner*, 68 Mich. 549 (37 N. W. 21), which is the leading case upon the constitutionality of the law of 1887, this court has repeatedly used the word "licensing" in connection with the word "regulation" as properly expressing some features of the permission granted to enter upon this business after all the statutory conditions precedent had been complied with, but always stating that the effect of this law

was not the granting of a license. In *Sherlock* v. *Stewart*, 96 Mich. 193-197 (55 N. W. 845, 21 L. R. A. 580), Mr. Justice Grant, speaking for the court, said:

"The system, in this State, is not purely a tax system. The fee to be paid as a condition precedent to entering upon the business is called a 'tax,' but there are other conditions precedent which are inconsistent with a purely tax system. These provisions partake of the character of a license"—citing Black on Intoxicating Liquors, § 108.

In *People* v. *Sykes*, 96 Mich. 452-454 (56 N. W. 12), the court said:

"The right to carry on the business is in the nature of a license to the party who complies with the statute."

From a careful consideration of the terms, conditions, and requirements imposed by the statute which have all been recognized, so far as the decisions of this court are concerned, as an exercise of the police powers of the State, and, as such, upheld as constitutional, we conclude that in adding the word "licensing" to the title of this act and leaving the body of the act as it was, except adding further regulatory requirements, the legislature did not intend to, and, in fact, did not, change the purpose of the act as one of taxation and regulation.

It follows that the amendment under consideration, added later, is unconstitutional, for the reason that it in terms grants power to a board or council to prohibit the liquor traffic altogether, and is therefore repugnant to the object expressed in the title of the act amended, as appears, from the authorities herein cited, to have been repeatedly held by this court.

The order and judgment of the circuit court are reversed.

Brooke, Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.