PRICE *v.* TOWNSHIP BOARD OF OAKFIELD TOWNSHIP.

1. Municipal Corporations — Townships — Presiding Officer — Supervisors.

It is competent for any member of the township board to act as presiding officer, and in the absence of the supervisor one of the justices of the peace who has been called in as provided by 3 Comp. Laws, § 2344 (1 How. Stat. [2d Ed.] § 1401), may preside, and has the same authority as other members of the board.

2. Same—Intoxicating Liquors—Bonds—Approval.

The presiding member of the township board who has voted once upon an application for approval of a liquor

bond may not cast an additional vote in the case of a tie, thereby disapproving the bond of the applicant; a double vote not being authorized by the statute.

3. INTOXICATING LIQUORS — LICENSE — APPROVAL OF BOND—RETAIL LIQUOR DEALERS.

It is the duty of the board or council to which the approval of liquor bonds has been delegated by statute, to determine in good faith whether the applicant has offered a bond sufficient in form and amount, and, if so, to approve it, although, in certain cases, the bonds of a surety company may be rejected if not satisfactory.

4. SAME—CONSTITUTIONAL LAW—TITLE.

In so far as Act No. 170, Pub. Acts 1911 (2 How. Stat. [2d Ed.] § 5062), attempts to confer authority on such board to reject sufficient bonds offered by retail liquor dealers, the effect of the act is to authorize prohibition and is beyond the scope of the title of the amended statute which, in terms, provides for the regulation and taxation of the business, not its prohibition.

Certiorari to Kent; Brown, J. Submitted June 9, 1914. (Calendar No. 26,267.) Decided July 25, 1914.

Mandamus by Raymond A. Price against the township board of Oakfield township to compel respondent to approve the retail liquor bond of the relator. An order was entered granting the writ: respondent brings certiorari. Affirmed.

*Elvert M. Davis,* for appellant.

*Thompson & Temple,* for appellee.

STONE, J. This case is before us upon a writ of certiorari to review the action of the circuit court in a mandamus proceeding instituted by relator to compel the township board to reconvene and approve a liquor bond of relator. For some time prior to instituting such mandamus proceeding the relator had

been engaged in the business of a retail liquor dealer, conducting a saloon at Harvard, in said Oakfield township. Desiring to continue such business, he, upon due application, presented his bond for approval. In his petition for mandamus the relator stated that, on April 27, 1914, the said board being duly convened with all its members present, a motion was made to support and approve said bond, when counsel for relator, and in his behalf, asked if there was any objection to the manner in which relator had conducted said business, to which inquiry the said board, by its members individually, answered that there was none; that said counsel then asked if there was any objection to the bond, when the said board replied there was none; that thereupon the supervisor stated that there was no objection, but that he did not want a saloon at Harvard, whereupon the said board proceeded to vote upon said motion; that, upon the vote being had, two of its members, to wit, E. Griswold and J. C. Berry, voted, "Yes," and two of its members, to wit, Seth C. Partridge and George Lewis, voted, "No," and thereupon said Seth C. Partridge, supervisor, declared the same to be a tie vote, and he then and there voted, "No," and also declared the motion lost. Upon the hearing in the mandamus proceeding the circuit court held that the supervisor had no power to cast a second vote upon the motion under consideration, and issued the writ of mandamus as prayed for. In his application for the writ of certiorari the supervisor, in behalf of the township board, stated that by the vote above set forth—two in the affirmative and two in the negative—there was a tie in the vote, and that he, as presiding officer, again voted, "No," and then and there declared that the said bond had been rejected by a majority vote of said township board.

It is alleged that the circuit court erred in finding, as matter of law, that:

(*a*) The said supervisor was not authorized, as presiding officer of said board, and also as a lawful member of said board, to vote first upon the question of the approval of the said bond, and, in case of a tie vote upon such question, to vote as presiding officer and cast a vote for the purpose of breaking such tie; (*b*) that the circuit court was in error in finding, as matter of law, that the said liquor bond was not, by the action of the township board at such meeting, rejected by a majority vote of such board.

It appears from the record, as well as from the briefs of counsel, that the circuit court and counsel for both parties considered that the question of the rejection of the bond of relator by said board was involved in the proceeding. The following questions are discussed by counsel:

(1) Has a supervisor, acting as a member of a township board at a meeting thereof where he is presiding, the right to cast a deciding vote (or vote to break a tie) where he has already voted in producing the tie vote?

(2) Has a township board the constitutional right to reject by a majority vote any or all liquor bonds presented to it for its approval?

I. Section 18 of Article 8 of the Constitution provides that there shall be elected annually in each township one supervisor whose powers and duties shall be prescribed by law.

Section 2343, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 1401), provides that the supervisor, the two justices of the peace whose terms of office soonest expire, and the township clerk, shall constitute a township board, any three of whom shall constitute a quorum for the transaction of business.

The next section of the statute provides that when, from any cause, there shall not be three of the officers

constituting such board, competent or able to act, one of the remaining justices, on being notified by any member of said board, shall meet with any members of the board and shall have the same authority as the other members of the board.

It has been held by this court that in case a justice is thus called in, the board thus constituted has all the powers of the statutory board. *First Nat. Bank of St. Joseph* v. *St. Joseph Township*, 46 Mich. 526 (9 N. W. 838).

The legislature has never made any provision as to which member of the township board shall be the presiding officer. The voting powers of the members of the board appear to be equal. We have no doubt that it is perfectly competent for any member of the board to preside over its deliberations. If the supervisor were absent and one of the remaining justices should be called in, we have no doubt that it would be perfectly legal for such justice to act as presiding officer, for the statute says that "he shall have the same authority as the other members of the board."

Our attention has not been called to any case where, under such circumstances as appear here, any member of the body may have the right to a casting vote. Authority may be found to the effect that the right of such casting vote may be given by express statute.

Our attention has been called by appellant to *Whitney* v. *Village of Hudson*, 69 Mich. 189 (37 N. W. 184). There express power was given by the charter; and it was held that the charter of a village, whose common council is composed of the president and six trustees, and which provides that in proceedings of the council each member present shall have one vote, and when there shall be a tie the president shall give the casting vote, makes the president a voter upon every question, and in the case of a tie he has an additional vote.

Our attention has also been called to *People* v. *Church of the Atonement*, 48 Barb. (N. Y.) 603. Here, also, express authority was given by statute. There the section of the statute relative to religious corporations provides that no board of trustees should be competent to transact any business—

"Unless the rector, if there be one, and at least one of the church wardens, and a majority of the vestrymen, be present; and such rector, if there be one, and if not, then the church warden present, or if both the church wardens be present, then the church warden who shall be called to the chair   *   *   *   shall preside at every such meeting or board, and have the casting vote."

Under this statute it was held that the term "casting vote" should be construed as authorizing the chairman, after having first voted with the rest, upon a tie occurring, to give a second vote. In the course of the opinion it is expressly stated that it is true that a double vote is not allowed in corporate meetings, except by express statute.

After examination of all the authorities cited, we are of opinion that upon this branch of the case the circuit court reached the correct conclusion, and for this reason alone the judgment below should be affirmed.

II. We might perhaps stop here; but as the question of the right of the township board by a majority vote to reject any or all such bonds presented to it for approval may be said to be involved here, we will consider it.

The statute relied upon by appellant consists of an amendment, found on page 288 [Act No. 170], Public Acts of 1911, in section 8 of the act, which reads as follows (2 How. Stat. [2d Ed.] § 5062):

"The township board of any township, the board of trustees of any village, or the common council of any

city may, by a majority vote, reject any or all such bonds presented to them for their approval."

It has been repeatedly held by this court that it is the duty of a board or council under the statute, before the amendment of 1911, to honestly and in good faith determine whether, under the terms of the statute, the bond offered be sufficient in form and penalty, and whether the sureties possessed the requisite qualifications, and if these requirements were met, it was the duty of the board or council to approve the bond, and that an arbitrary refusal to do so might be redressed by a mandamus proceeding at the prayer of the party tendering such statutory bond. *Farr* v. *Anderson*, 135 Mich. 485 (98 N. W. 6) ; *Power* v. *Common Council of Litchfield*, 141 Mich. 350 (104 N. W. 664) ; *Hanold* v. *Common Council of Stambaugh*, 163 Mich. 242-244 (128 N. W. 233).

The duty which the legislature has placed upon the common council or board is to determine whether the applicant has brought himself within the terms or conditions imposed by the statute. If the applicant has done this, his application should be granted and bond approved. What we have here said should not be construed as in any way conflicting with our decisions relating to the acceptance and approval of surety company bonds in certain cases, of which *Schmitt* v. *Common Council of Clinton*, 111 Mich. 99 (69 N. W. 153), and *Hicks* v. *Village of Perry*, 151 Mich. 88 (114 N. W. 682), are samples.

It is the duty of the board or council to act fairly and in good faith, and not captiously, in the approval of bonds. It is its duty to investigate the responsibility of the sureties; and, when it appears that this has been done and the investigating body is satisfied that the proposed sureties are irresponsible for the amount of the bond, or that the bond is not in the statutory form, the same should be rejected.

If this were all that is claimed for the amendment of 1911, above quoted, then it would be within the title of the act.  But if it is claimed for the amendment that it gives to the board or council the power arbitrarily to reject any or all bonds without reference to their legal sufficiency, or the responsibility of the sureties, it cannot be sustained, for that would amount to prohibition; and this court has repeatedly held that provisions for prohibiting the liquor traffic are not germane, and cannot be legally enacted under a title expressing the object as being to regulate it, etc.  *People* v. *Gadway,* 61 Mich. 285 (28 N. W. 101, 1 Am. St. Rep. 578) ; *Robison* v. *Miner,* 68 Mich. 549 (37 N. W. 21) ; *In re Hauck,* 70 Mich. 396 (38 N. W. 269) ; *Timm* v. *Common Council of Caledonia Station,* 149 Mich. 323-325 (112 N. W. 942) ; *Brown* v. *Common Council of Sparta,* 167 Mich. 492-494 (133 N. W. 527).

While the courts will presume in favor of the constitutionality of a law until the contrary clearly appears, such presumption cannot obtain or prevail as to a provision like the one under consideration, where plenary power is sought to be given to a council or board "to reject any or all bonds," the same being not germane to the title of the act which the provision seeks to amend.  The title of the act in question is as follows:

"An act to provide for the taxation and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors and malt, brewed or fermented liquors and vinous liquors in this State, and to repeal all acts or parts of acts inconsistent with the provisions of this act."

We are forced to the conclusion that this provision is neither within the entitling of the act nor within

the scope or purview of the statute which it seeks to amend, and is inconsistent with the other provisions of the act.

The judgment of the court below is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.